IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) Civil No. 1:07-CV-01677-RBW |
| | ) |
| v. | ) |
| | ) |
| LOAN SERVICES LLC, | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, the Internal Revenue Service, respectfully moves this Court to dismiss plaintiff's complaint pursuant to FED R. CIV. P. 12(b)(6) & 41(b). Specifically, the complaint violates Judge Walton's order that plaintiff shall not be involved "in any matter" relating to certain real property, including the property at issue in plaintiff's complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: November 30, 2007   Respectfully submitted,

                 /s/ Nicole M. Stoduto
                NICOLE M. STODUTO
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. box 227
                Washington, DC 20044

                                      Tel/Fax: (202)616-9785/514-6866
                                      Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT with accompanying MEMORANDUM and proposed ORDER has been made this 30th day of November, 2007, by mailing, postage prepaid, addressed to:

>Duane McKinney
>1035 10th Street NE Unit 1
>Washington, DC 20002
>
>Loan Services LLC
>1620 L St. NW #900
>Washington, DC 20036
>
>District of Columbia
>Assistant Attorney General
>441 4th St. NW
>Washington, DC 20002

      /s/ Nicole M. Stoduto
      NICOLE M. STODUTO

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) Civil No. 1:07-CV-01677-RBW |
| | ) |
| v. | ) |
| | ) |
| LOAN SERVICES LLC, | ) |
| | ) |
| DISTRICT OF COLUMBIA, and | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

_____Defendant, the Internal Revenue Service, respectfully moves this Court to dismiss plaintiff's complaint pursuant to FED R. CIV. P. 12(b)(6) & 41(b). Specifically, the complaint violates Judge Walton's order that plaintiff shall not be involved "in any matter" relating to certain real property, including the property at issue in plaintiff's complaint.

STATEMENT

_____Plaintiff, Duane McKinney, has been indicted on thirteen counts of fraud, theft, forged securities, and conspiracy and is currently awaiting trial. (Indictment [1:07-cr-113-01-RBW].) Plaintiff is charged with fraudulently conveying deeds to real property to himself or to an organization he controlled called Brotherhood of Men, Inc, and then selling these properties to unsuspecting buyers. (*Id.*)

Following his indictment and arrest, plaintiff continued to be involved with the properties he had fraudulently obtained title to. (Order July 12, 2007 [1:07-cr-113-01-RBW].) Accordingly, Judge Walton issued an order that "with regard to the following properties, the defendant shall have *no involvement in any matter* . . . relating to the properties other than to defend lawsuits brought against him or his non-profit company relating to actions to quiet title." (*Id.* at ¶ 2.)(emphasis added.) Such properties included, "7 lots on Pennsylvania Avenue SE (lots 37, 38, 46 - 50, square 5663)." (*Id.*) The Order specifically prohibited defendant from "pursuing affirmative legal actions" with respect to these properties. (*Id.* n. 1.)

More than two months after this order was issued, plaintiff filed the present complaint seeking the right of redemption to lots 37, 48, 46-50, square 5663 located on Pennsylvania Avenue SE. (Compl. Ex. 1 & 2.) Plaintiff also seeks damages in the amount of $3,500,000. (Compl.)

ARGUMENT

Plaintiff's suit is in clear violation of Judge Walton's order and should be dismissed. *See* FED R. CIV. P. 41(b); *see, e.g. Simpson v. Welch*, 900 F.2d 33 (4th Cir. 1990)(dismissal for failure to obey court orders); *Aziz v. Wright*, 788 F.2d 1033 (8th Cir. 1994)(case dismissed for willful disregard of court order). Even if plaintiff's allegations were true, relief cannot be granted given Judge Walton's order expressly prohibiting plaintiff from being involved in "any matter" relating to the property, including "pursuing affirmative legal actions." *See* FED. R. CIV. P. 12(b)(6).

In *Simpson,* the court set a deadline for filing dispositive motions and responses. 900 F.2d at 34. Plaintiff's complaint was dismissed after she failed to oppose defendant's motions to dismiss and for summary judgment and failed to appear at the hearing regarding these motions. *Id.* at 35-36. The district court granted a motion for judgment on the pleadings, and also dismissed the case pursuant to FED R. CIV. P. 41(b) for plaintiff's failure to file a response. *Id.* at 34. The Court found plaintiff's "neglect" inexcusable and also awarded costs and fees to the defendant. *Id.* On appeal, the fourth circuit held that the trial "court did not abuse its discretion when it dismissed appellant's complaint for failure to comply with court orders. Appellant failed to oppose appellees' motions to dismiss and for summary judgment, even after the district court extended the time to respond, and appellant's counsel failed to appear at the May 2, 1989 hearing." *Id.* at 35.

As in *Simpson*, McKinney has failed to obey a court order and dismissal is appropriate. However, unlike *Simpson*, where plaintiff failed to act despite a court order, here plaintiff has *affirmatively* violated the court's order by filing his complaint. Such an act is not merely neglectful but evinces a willful disregard of the court's order, suggests a greater degree of culpability, and wastes precious judicial resources and opposing counsel's time. Accordingly, the case for dismissal is even more compelling than in *Simpson*.

## CONCLUSION

For the aforementioned reasons, plaintiff's complaint should be dismissed.

2900523.1

DATE: November 30, 2007                    Respectfully submitted,

                                                      /s/ Nicole M. Stoduto  
                                                     NICOLE M. STODUTO  
                                                     Trial Attorney, Tax Division  
                                                     U.S. Department of Justice  
                                                     P.O. box 227  
                                                     Washington, DC 20044  
                                                     Tel/Fax: (202)616-9785/514-6866  
                                                     Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:  
JEFFREY A. TAYLOR  
United States Attorney

2900523.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY, | ) |
| | ) |
| Plaintiff, | ) Civil No. 1:07-CV-01677-RBW |
| | ) |
| v. | ) |
| | ) |
| LOAN SERVICES LLC, | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Having considered defendant Internal Revenue Service's Motion to Dismiss Plaintiff's Complaint and plaintiff's opposition, if any, the court hereby:

ORDERS that defendant's motion to dismiss is granted, and

ORDERS that plaintiff's complaint is dismissed.


DATE: _____ , 2007           _____
                                          REGGIE B. WALTON
                                          United States District Judge

2902695.1