UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUANE MCKINNEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:07-CV-01677 |
| | : | Judge Reggie Walton |
| LOAN SERVICES LLC et al., | : | |
| | : | |
| Defendants. | : | |

## MOTION FOR SUMMARY JUDGMENT

Defendant Richard G. Wise, by his counsel, hereby moves this Court for summary judgment in the above-captioned action on the grounds that (i) this Court lacks jurisdiction over the plaintiff's claims under the <u>Rooker-Feldman</u> doctrine and (ii) because plaintiff's claims are barred by issue or claim preclusion.  There is no genuine issue of material fact and this defendant is entitled to judgment as a matter of law.  The grounds for this motion are discussed further in Exhibits A through F, the memorandum of points and authorities in support, the statement of material facts as to which there is no genuine dispute which are attached hereto.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, PC

Dated:  December 21, 2007

Richard W. Luchs #243931
Richard G. Wise  #134957
1620 L Street, N.W., Suite 900
Washington, District Of Columbia 20036-5605
Telephone:  (202) 452-1400
Facsimile: (202) 452-1410
Email: rwl@gdllaw.com

Attorneys for Defendant Richard G. Wise

326283v1

CERTIFICATION OF COUNSEL REGARDING CONSENT

I hereby certify that on November 26, 2007, I mailed a letter, postage prepaid, addressed to Duane McKinney, 1035 10th Street, N.E., Unit 1, Washington, D.C. 20002, requesting his consent to the granting of this motion.  As of the time of the filing of this motion, no response has been received from Mr. McKinney, making the filing of this motion necessary.

*Richard G. Wise*

Richard G. Wise

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Summary Judgment, together with Exhibits A through F, memorandum of points and authorities in support, statement of material facts not in genuine dispute and proposed order, was served upon the following by the means indicated on this 21st day of December, 2007: The Honorable Reggie B. Walton, United States District Judge, and Joseph F. Ferguson, Jr., Esq., Counsel for the District of Columbia and the D.C. Office of Tax and Revenue, Nicole M. Stoduto, Esq., Trial Attorney, Tax Division, U.S. Department of Justice, electronically through CM/ECF, and by mail, postage prepaid, to Duane McKinney, 1035 10th Street, N.E., Unit 1, Washington, D.C. 20002 and Loan Services LLC, 12154 Darnestown Road #526, Gaithersburg, MD  20878.

*Richard G. Wise*

Richard G. Wise

-2-

# Exhibit A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Loan Services, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-5684 L(RP) |
| | ) | Judge Joan Zeldon |
| Paul E. Rosenberg, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO DISMISS THE COUNTERCLAIM FILED BY DUANE MCKINNEY

The Court has before it Plaintiff's unopposed Motion to Dismiss the Counterclaim filed by Duane McKinney. For the following reasons, the Motion is **GRANTED**.

### FACTS

Plaintiff Loan Services, LLC is the successful purchaser of a tax sale certificate at the July 2004 tax auction on a parcel of property known for tax assessment purposes as Lot 48 in Square 5663, located on the South side of Pennsylvania Ave. in Southeast, Washington, D.C. Plaintiff filed its Complaint to foreclose the rights of redemption on this parcel of property on July 14, 2005.[1]

Duane McKinney is the president of The Brotherhood of Men, Inc., which is a corporation named as a Defendant by Loan Services, LLC because it recorded an interest in this parcel of property. On January 19, 2007, at a Status Hearing in this case, Mr. McKinney informed the Court that he had a document making him the legal owner of this

---

[1] Plaintiff Loan Services, LLC is also the purchaser of tax sale certificates on four other lots related to the subject parcel of property with actions currently pending. See Loan Services, LLC v. Zelda Dorsey, et al., Civil Action Nos. 05-3894 L(RP), 05-3895 L(RP), 05-5681 L(RP), 05-5683 L(RP). Loan Services, LLC has also filed a related quiet title action regarding the five lots that comprise the subject property. See Loan Services, LLC v. The Brotherhood of Men, Inc., Civil Action No. 06-5387 R(RP).



EXHIBIT
A

property. This Court continued the case for one week, until January 26, 2007, to allow

Mr. McKinney to submit supporting documentation regarding his personal—and not his

corporation's—claim of title to the property.

At the January 26, 2007 Status Hearing, Mr. McKinney submitted in open Court a

document entitled "This Deed" which he alleges conveys the subject property to him

from The Brotherhood of Men, Inc. The document is dated February 24, 2005, but has a

record date of January 22, 2007—three days after the status hearing in which Mr.

McKinney informed the Court of his individual interest. Based on the document

submitted by Mr. McKinney, this Court granted Plaintiff leave to amend the Complaint in

this case and in the other tax lien cases to name Mr. McKinney as a Defendant. The

Complaints in all of these cases were amended on February 1, 2007.

On February 12, 2007, Defendant McKinney filed a Counterclaim in this case

(Civil Action No. 05-5684 L(RP)) claiming that:

> Loan Service LLC has use the legal system to abuse Duane McKinney in
> every Department. Men have came forward Disclaimming their Interest.
> Women have come Forward Disclaiming their Interest. A Organization
> has come also. AFter The Brotherhood Disclaimer, I Duane McKinney
> have discovered that it is a Fact that Five of those Disclaimers are Fraud
> and From this this Company have Clearly Abuse Duane McKinney with
> the Legal System in every Facualty. See Attachment.

Based on his counterclaim, Mr. McKinney seeks $1,000,000.00 in damages with interest

and costs.

Three disclaimers of interest in the subject property have been made in each of the

tax lien cases—two written and one oral.[2] Counsel of record for The Brotherhood of

Men, Inc., Charles Ray, Esq., signed the first written disclaimer of interest on August 3,

---

[2] Vincent Dorsey's oral disclaimer was also made in the quiet title case, Loan Services, LLC v. The
Brotherhood of Men, Inc., Civil Action No. 06-5387 (RP), as it was called with the five tax lien cases at the
Status Hearing on October 20, 2006.

2005.[3] Anthony Dorsey, the son of the deceased record owner Lillian Archer, filed the second written disclaimer of interest on December 20, 2005.

The third disclaimer of interest was made by Vincent Dorsey, son of Lillian Archer, who appeared at an October 20, 2006 Status Hearing and noted on the record that he did not file a document entitled "Answer" previously filed in this case. After confirming the individual's identity as Vincent Dorsey by examining his driver's license, this Court dismissed Vincent Dorsey as a Defendant in this case after Dorsey stated on the record that he had no interest in the property. Notably, Vincent Dorsey, under Lillian Archer's will, was disinherited and given $1.00 and likely had no interest in redeeming this property anyway.

On February 20, 2007, the Plaintiff filed the instant Motion to Dismiss Counterclaim filed by Defendant Duane McKinney pursuant to Super. Ct. Civ. R. 12(b)(6) and 9(b). Mr. McKinney did not oppose this Motion.

## ANALYSIS

### I.    Super. Ct. Civ. R. 12(b)(6): Failure to Plead All Essential Elements of Fraud

Super. Ct. Civ. R. 12(b)(6) provides that "the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion, this Court construes "all facts and

---

[3] The Disclaimer provides:

> The Brotherhood of Men, Inc., by its counsel, hereby advises the Court, the parties and all others having an interest in the above-captioned action that although its name appears in the chain of title as to the property which is the subject of this action, that known for assessment and taxation purposes as Lot 0048 in Square 5663 in the District of Columbia (the "Property"), it hereby disclaims and relinquishes all right, title and interest of whatever kind in and to the Property. The Brotherhood of Men. Inc. does not intend to complete redemption of the Property from the tax sale which is the subject of this lawsuit.

inferences in the light most favorable to the [counterclaimant] and taking the

[counterclaimant's] allegations as true." Duncan v. Children's Nat'l Med. Ctr., 702 A.2d

207, 210 (D.C. 1998). The D.C. Court of Appeals has said that

> A [counterclaim] is sufficient so long as it "fairly puts the defendant on
> notice of the claim against [him]." Accordingly, liberal rules of pleading
> normally protect a [counterclaimant] from dismissal at the pleading stage
> when the [counterclaim] can be said to state a claim if all inferences are
> drawn in the [counterclaimant's] favor. A [counterclaim] should not be
> dismissed because the court doubts that a [counterclaimant] will prevail on
> a [counter]claim. However, dismissal for failure to state a claim may
> properly be granted where it "appears beyond doubt that the plaintiff can
> prove no set of facts in support of [his] claim which would entitle [him] to
> relief."

Id. (internal quotations and citations omitted).

"A prima facie case of fraud requires a showing of (1) a false representation, (2)

in reference to a material fact, (3) made with knowledge of its falsity, (4) with intent to

deceive, and (5) action taken by appellant in reliance upon the representation, (6) which

consequently resulted in provable damages." Dressner v. Sunderland Apts. Tenants

Assoc., Inc., 465 A.2d 835, 839 (D.C. 1983) (citing Day v. Avery, 548 F.2d 1018, 1029

(D.C. Cir. 1976) ("a sine qua non of any recovery for misrepresentation is a showing of

pecuniary loss proximately caused by reliance on the misrepresentation")).

Mr. McKinney, in his Counterclaim, fails to plead facts sufficient to support

fraud. Even when construing the Counterclaim in a light most favorable to Mr.

McKinney, i.e., assuming as true that agents of Loan Services, LLC falsely presented or

created the one oral and two written disclaimers (including the one signed by the counsel

of record for The Brotherhood of Men, Inc., Charles Ray, Esq.), this Court cannot fathom

how Mr. McKinney is personally damaged. If Mr. McKinney's claim to title to the

property is valid, his right of redemption in this tax foreclosure case pursuant to D.C.

Code § 47-1360 would not be hindered by any theoretically fraudulent disclaimers. In fact, such disclaimers only affect the rights of redemption of Anthony Dorsey, Vincent Dorsey (who was disinherited anyway), and The Brotherhood of Men, Inc.

## II.    Super. Ct. Civ. R. 9(b): Failure to Plead with Particularity

Mr. McKinney also has failed to plead all of the elements of fraud with the degree of particularity required for pleading the cause of action. See Super. Ct. Civ. R. 9(b) ("In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity"); Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. 1977) ("Fraud is never presumed and must be particularly pleaded.").

## III.    Lack of Standing

Mr. McKinney's Counterclaim also fails to establish any personal injury to his interest by the theoretically fraudulent disclaimers so as to give him personally standing to litigate a fraud claim against the Plaintiff. The D.C. Court of Appeals, in line with federal jurisprudence, has explained that standing is "the determination of whether a specific person is the proper party to bring a matter to the Court for adjudication." Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp., 749 A.2d 724, 731 (D.C. 2000) (quoting Erwin Chemerinsky, Federal Jurisdiction § 2.3, at 56 (3d ed. 1999)). Or more specifically, "[c]onstitutional standing under Article III requires the plaintiff to allege personal injury fairly traceable to the defendant's unlawful conduct and likely to be redressed by the requested relief." Id. Here, Mr. McKinney has not alleged any personal injury-in-fact, nor has he alleged how his demand of $1,000,000.00 will redress his non-existent injury.

Because of his failure to make out a prima facie case of fraud, his failure to plead with particularity, and his lack of standing, Mr. McKinney's Counterclaim must be dismissed.

Wherefore, it is this **15th day of March, 2007**, hereby

**ORDERED** that Plaintiff's unopposed Motion to Dismiss Counterclaim Filed by Defendant Duane McKinney is **GRANTED**; and it is further

**ORDERED** that Defendant Duane McKinney's Counterclaim is **DISMISSED WITHOUT PREJUDICE** with twenty days from the date of this Order to re-file an appropriate counterclaim, if any.

_Joan Zeldon_

Joan Zeldon
Associate Judge
(Signed in Chambers)

Copies to:

Richard G. Wise, Esq.
Counsel for Plaintiff
(electronically through CaseFileXpress)

Joseph F. Ferguson, Jr., Esq.
Counsel for Defendant
District of Columbia
(electronically through CaseFileXpress)

The Brotherhood of Men, Inc.
1610 R St., S.E. #3
Washington, D.C. 20019
Defendant – by mail

Duane McKinney
1610 R St., S.E. #3
Washington, D.C. 20019
Defendant – by mail

Copies to:  (continued)

Shirley D. Brock
168 Bryant Street, N.W.
Washington, D.C. 20001
Defendant – by mail

Maria Slaughter
12207 Windbrook Dr.
Clinton, MD 20735
Defendant – by mail

Chester Slaughter
12207 Windbrook Dr.
Clinton, MD 20735
Defendant – by mail

Herbert J. Hammond
9008 Ivanhoe Road
Fort Washington, MD 20744
Defendant – by mail

# Exhibit  B

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Loan Services, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    Civil Action No. 05-5684 L(RP) |
| | )    Judge Joan Zeldon |
| Paul E. Rosenberg, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO DISMISS SECOND COUNTERCLAIM FILED BY DUANE MCKINNEY

The Court has before it Plaintiff's unopposed Motion to Dismiss Second Counterclaim filed by Duane McKinney. For the following reasons, the Motion is **GRANTED**.

### FACTS

Plaintiff Loan Services, LLC is the purchaser of a tax sale certificate at the July 2004 tax auction on a parcel of property known for tax assessment purposes as Lot 48 in Square 5663, located on the south side of Pennsylvania Avenue in southeast Washington, D.C. Plaintiff filed its Complaint to foreclose the rights of redemption on this parcel of property on July 14, 2005.[1]

Loan Services named Lillian Archer as a Defendant because the property taxes were assessed to her on the tax rolls of the Office of Tax and Revenue for the District of Columbia. However, probate records for the administration of the Estate of Lillian

---

[1] Plaintiff Loan Services, LLC is also the purchaser of tax sale certificates on four other lots related to the subject parcel of property with actions currently pending. See Loan Services, LLC v. Zelda Dorsey, et al., Civil Action Nos. 05-3894 L(RP), 05-3895 L(RP), 05-5681 L(RP), 05-5683 L(RP). Loan Services, LLC has also filed a related quiet title action regarding the five lots that comprise the subject property. See Loan Services, LLC v. The Brotherhood of Men, Inc., Civil Action No. 06-5387 R(RP).

1

EXHIBIT
B

Archer adjudicated in the U.S. District Court for the District of Columbia (Admin. No. 614-73) indicate that Lillian Archer died in 1973.[2]  Therefore, Loan Services named as defendants Lillian Archer's residuary beneficiaries, Zelda Dorsey and Anthony Dorsey. Believing that Zelda Dorsey is deceased, Loan Services also named her heirs as defendants in this case.

The Plaintiff further named The Brotherhood of Men, Inc., (hereinafter "The Brotherhood") an entity that appears in the chain of title to this parcel of property, and the parcels in the related tax lien cases (see footnote 1 supra), through a document entitled "This Deed" dated October 20, 2004, purportedly signed by Lillian Archer more than thirty years after her death, and this document was recorded with the Recorder of Deeds of the District of Columbia on October 22, 2004. See Compl. ¶ 6.  In the Complaint, the Plaintiff averred that The Brotherhood of Men, Inc. "is the record owner, but perhaps not the legal owner, of the Property." Id.  Duane McKinney is the President of The Brotherhood of Men, Inc.

On August 3, 2005, The Brotherhood of Men, Inc., through counsel, who was then Charles Ray, Esq., filed a Disclaimer of Interest in this case and similar Disclaimers in the four other tax lien cases.  The Disclaimer provided:

> The Brotherhood of Men, Inc., by its counsel, hereby advises the Court, the parties and all others having an interest in the above-captioned action that although its name appears in the chain of title as to the property which is the subject of this action, that known for assessment and taxation purposes as Lot 0048 in Square 5663 in the District of Columbia (the "Property"), it hereby disclaims and relinquishes all right, title and interest of whatever kind in and to the Property.  The Brotherhood of Men, Inc. does not intend to complete redemption of the Property from the tax sale which is the subject of this lawsuit.

---

[2] Her Last Will and Testament as well as federal court probate records are attached to the Complaint. The Will identified The Red Cloud Indian School as the beneficiary of the property, but the School renounced its devise of the property and it passed under the residuary clause to Zelda and Anthony Dorsey.

Throughout this case, Mr. McKinney has actively participated in the proceedings. At a Status Hearing on July 14, 2006, Mr. McKinney noted on the record that he no longer wanted Mr. Ray to represent The Brotherhood of Men. This Court subsequently granted Mr. Ray's Motion to Withdraw.

At a Status Hearing on October 20, 2006, Vincent Dorsey appeared. He had been named as a Defendant because he is Lillian Archer's son and Zelda Dorsey's brother; however, he was given only $1.00 under Lillian Archer's Will. After this Court inquired into Vincent Dorsey's identity and checked his driver's license, Mr. Dorsey testified under oath that he did not file the "Answer" that appeared in the record in his name, and he further stated that he had no interest in the property and wished to be dismissed as a Defendant.

On November 3, 2006, this Court held a Status Hearing at which Mr. McKinney appeared. This Court advised Mr. McKinney that The Brotherhood of Men, Inc. was required by Super. Ct. Civ. R. 101 to be represented by counsel to appear; otherwise this Court would enter a default against the corporation. This Court continued the Status Hearing until December 8, 2006.

On December 8, 2006, Mark Chalpin, Esq. entered his appearance for The Brotherhood. This Court continued the Status Hearing until January 19, 2007 for Mr. Chalpin to familiarize himself with this case. On January 9, 2007, Mr. Chalpin filed a Motion to Withdraw. At the Status Hearing on January 19, 2007, this Court granted Mr. Chalpin's Motion to Withdraw. At that Hearing, after this Court again advised Mr. McKinney that The Brotherhood could not appear without counsel, Mr. McKinney informed the Court that he had a document making him personally the legal owner of this

3

property. However, Mr. McKinney did not have the document with him in court on that day. This Court continued the case for one week, until January 26, 2007, to allow Mr. McKinney to submit supporting documentation regarding his personal—and not his corporation's—claim of title to the property.

At the January 26, 2007 Status Hearing, Mr. McKinney submitted in open Court a document entitled "This Deed" which he alleges conveys the subject property to him from The Brotherhood of Men, Inc. The document is dated February 24, 2005, but was recorded with the Recorder of Deeds on January 22, 2007—three days after the status hearing in which Mr. McKinney informed the Court of his individual interest. Based on the document submitted by Mr. McKinney, this Court granted Plaintiff leave to amend the Complaint in this case and in the other tax lien cases to name Mr. McKinney as a Defendant. The Complaints in all of these cases were amended on February 1, 2007.

On February 12, 2007, Defendant McKinney filed a Counterclaim in this case (Civil Action No. 05-5684 L(RP)) claiming that:

> Loan Service LLC has use the legal system to abuse Duane McKinney in every Department. Men have came forward Disclaimming their Interest. Women have come Forward Disclaiming their Interest. A Organization has come also. AFter The Brotherhood Disclaimer, I Duane McKinney have discovered that it is a Fact that Five of those Disclaimers are Fraud and From this this Company have Clearly Abuse Duane McKinney with the Legal System in every Facualty. See Attachment.

Mr. McKinney sought $1,000,000 in damages. This Court granted Plaintiff's Motion to Dismiss Counterclaim for failure to state a claim on March 16, 2007.

On March 26, 2007, Mr. McKinney filed a second pro se Counterclaim. In the Counterclaim, Mr. McKinney claims:

> Loan Service LLC has DeFame (sic) the Character oF Duane McKinney and has used the I.R.S. Case to hold Me in Court. Their (sic) is No Law

4

that Support this Case to be postpone Any Further the Taxes have been
Paid (sic) Since (sic) November 1, 2004.

Mr. McKinney again seeks $1,000,000 in damages.

Attached to his Counterclaim are numerous documents, including (1) the
Disclaimers of Interest filed on behalf of The Brotherhood; (2) Vincent Dorsey's
Memorandum stating that he did not file an Answer; (3) an Affidavit of Service on
Vincent Dorsey; (4) a document explaining tax sales; (5) a letter from counsel for the
Plaintiff to The Brotherhood; (6) a document entitled "This Deed" purportedly conveying
property from Lillian Archer to The Brotherhood of Men Inc. on October 20, 2004; (7)
receipts from Wachovia Bank, NA regarding payments for property taxes; (8) a
document entitled "This Deed" purportedly conveying the property from The
Brotherhood of Men, Inc. to Duane McKinney on February 24, 2005, recorded January
22, 2007; and (9) a title report for a parcel of property that is the subject of one of the
other tax lien lawsuits.

At the Hearing held on May 18, 2007, counsel for the Plaintiff stated that Mr.
McKinney handed him a copy of the Counterclaim and that he had never seen it before
that day. No certificate of service is attached to the Counterclaim.

On May 25, 2007, Loan Services filed a Motion to Dismiss Second Counterclaim
for failure to state a claim pursuant to Super. Ct. Civ. R. 12(b)(6) arguing that the (1)
defamation claim does not lie; (2) the claim of "holding" Mr. McKinney does not lie; and
(3) all of Mr. McKinney's claims are barred by the doctrine of claim preclusion (res
judicata). Mr. McKinney has not opposed this Motion.

<u>**ANALYSIS**</u>

Super. Ct. Civ. R. 12(b)(6) provides that "the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion, this Court construes "all facts and inferences in the light most favorable to the [counterclaimant] and taking the [counterclaimant's] allegations as true." <u>Duncan v. Children's Nat'l Med. Ctr.</u>, 702 A.2d 207, 210 (D.C. 1998). The D.C. Court of Appeals has said that

> A [counterclaim] is sufficient so long as it "fairly puts the [plaintiff] on notice of the claim against [it]." Accordingly, liberal rules of pleading normally protect a [counterclaimant] from dismissal at the pleading stage when the [counterclaim] can be said to state a claim if all inferences are drawn in the [counterclaimant's] favor. A [counterclaim] should not be dismissed because the court doubts that a [counterclaimant] will prevail on a [counter]claim. However, dismissal for failure to state a claim may properly be granted where it "appears beyond doubt that the [defendant] can prove no set of facts in support of [his] claim which would entitle [him] to relief."

<u>Id.</u> (internal quotations and citations omitted).

I.    <u>**Counterclaim for Defamation**</u>

The D.C. Court of Appeals has said:

> To state a cause of action for defamation, plaintiff must allege and prove four elements: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

<u>Oparaugo v. Watts</u>, 884 A.2d 63, 76 (D.C. 2005); <u>Crowley v. North Am. Telecomms. Ass'n</u>, 691 A.2d 1169, 1173 n.2 (D.C. 1997).

At the outset, this Court has no knowledge of an I.R.S. case pending against Mr. McKinney, though he has mentioned several times in open court the existence of "a federal" case.

Substantively, Mr. McKinney's second Counterclaim does not specify how Loan Services, LLC has defamed him. Nor does he explain the relevance of the many documents he appended to his Counterclaim. Though the D.C. Court of Appeals has said that a defamation claimant need not plead the claim with particularity, it has said, "we decided long ago that bare statements of legal conclusions are insufficient to state a claim." Oparaugo, 884 A.2d at 77 (citing Watwood v. Credit Bureau, Inc., 68 A.2d 905, 906 (D.C. 1949)). Here, Mr. McKinney has said only that "Loan Service LLC has DeFame (sic) the Character oF Duane McKinney."

Nonetheless, even had he specified how Loan Services, LLC defamed his character, the D.C. Court of Appeals has noted that

> This jurisdiction, like the majority of other jurisdictions, has long recognized an absolute privilege for statements made preliminary to, or in the course of, a judicial proceeding, so long as the statements bear some relationship to the proceeding. Under this jurisdiction's rule, an attorney has an absolute privilege to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he [or she] participates as counsel, if it has some relationship to the proceeding. The judicial proceedings privilege is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients.
>
> There are some limitations on the application of the privilege relevant to claim[s] of privilege. Treatises addressing this issue have indicated that the so-called judicial privilege applies to judges, court officers, attorneys, [and] parties . . . .

Id. at 79-80 (internal quotations and citations omitted) (citing and quoting Finkelstein, Thompson & Loughran v. Hemispherix Biopharma, Inc., 774 A.2d 332, 338 (D.C. 2001);

Restatement (Second) of Torts § 586 (1977); and Prosser and Keeton on Torts at 816-17 (5th ed. 1984)).

In this tax lien case, a deed appears in the chain of title that purports to convey property from the deceased Lillian Archer to The Brotherhood of Men, Inc. Nearly two years into this tax lien case, Mr. McKinney stated that he personally was actually the owner of the property, and a week later, produced a document entitled "This Deed" that claimed a transfer of ownership of this parcel of property from The Brotherhood to himself. That document was recorded only a few days before it was presented to this Court.

Since the beginning of this case, counsel for the Plaintiff, Richard Wise, Esq., an officer of this Court, has questioned the validity of the transfer because Lillian Archer was deceased at the time of the purported transfer.[3] Consequently, a significant question exists as to the entitlement of The Brotherhood and Duane McKinney to redeem this parcel of property. Loan Services, the holder of the tax lien, certainly is entitled to pursue its interest in the property until a judgment is rendered or a person with a right to redeem actually redeems. Undoubtedly, the actions, filings, and statements of the Plaintiff and its counsel in this case "ha[ve] some relationship to the proceeding." Oparaugo, 884 A.2d at 79-80. Because of the failure to provide any recitation of the facts upon which his defamation claim lies and because of the absolute privilege to lawyers and litigants, Mr. McKinney's second Counterclaim must be dismissed.

## II.    Counterclaim that Loan Services has "Held Mr. McKinney in Court"

A [counterclaim] is sufficient so long as it "fairly puts the [plaintiff] on notice of the claim against [it]." Duncan, 702 A.2d at 210. Here, the claim that Loan Services is

---

[3] See text at 1 supra and footnote 2 supra.

using some I.R.S. case to hold Mr. McKinney in court does not put the Plaintiff on notice of the claim against it. Beyond this, no cause of action exists for "holding a defendant in court," and therefore this counterclaim also must be dismissed.

Even if this Court liberally construes Mr. McKinney's statement in his Counterclaim as one of malicious prosecution, his claim fails. "The elements of malicious prosecution are (1) the prosecution of a civil or criminal action, (2) maliciously and (3) without probable cause, (4) which terminated in favor of the defendant, and (5) which caused the arrest of the person, or seizure of the property of the defendant, or a special injury to the defendant which would not necessarily result in suits prosecuted to recover for like causes of action." Ammerman v. Newman, 384 A.2d 637, 639 (D.C. 1978); Nolan v. Allstate Home Equipment Co., 149 A.2d 426, 429 (D.C. 1959). Mr. McKinney's counterclaim does not address any of these elements.

First, this case has not ended in favor of Mr. McKinney. Second, this Court has no knowledge of what Mr. McKinney refers to as "the I.R.S. case."

Third, it would not be malicious for the Plaintiff to name as a defendant a person claiming title to the property that is the subject of the tax foreclosure suit, especially when the Plaintiff is required to do so by the tax sale statute and the Due Process Clause. See D.C. Code § 47-1371; U.S. Const. amend. V; Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983). In fact, it is to the benefit of interested parties to be named so they have notice of the action affecting their property interest.

Fourth, a document claiming to convey property from the individual to whom the taxes are assessed to another would give a tax sale Plaintiff probable cause to name such an individual as a defendant in this case.

9

Fifth and finally, even if this counterclaim made sense—which it does not—this Court would not entertain it within a tax lien case, which is governed by Chapter 13A of Title 47 of the D.C. Code.

### III.    Counterclaim that "No Law Support this Case to be postpone Any Further"

Again, such a cause of action does not exist. Nonetheless, addressing the merits of that argument, which Mr. McKinney has made on several occasions, this Court is not blocking the progression of this case, but venturing to be fair to the claimed interests of all parties involved.

As stated previously, a significant cloud exists on Duane McKinney's claim that he has a right to redeem this property. Since federal court records indicate that Lillian Archer was deceased at the time of her purported conveyance to The Brotherhood, it is not likely The Brotherhood and Mr. McKinney would have the right to redeem under D.C. Code § 47-1360.[4]

Wherefore, it is this **22nd day of June 2007**, hereby

**ORDERED** that Plaintiff's Motion to Dismiss Second Counterclaim Filed by Defendant Duane McKinney is **GRANTED**; and it is further

*Continued on Next Page*

---

[4] Counsel for the Plaintiff also argues that all of Mr. McKinney's claims are barred by the doctrine of res judicata. As counsel for the Plaintiff notes, the doctrine of res judicata only arises where there is a judgment on the merits, which precludes any further litigation between the parties as to the same cause of action. Counsel for the Plaintiff contends that this Court's Order Granting Plaintiff's Unopposed Motion to Dismiss the Counterclaim Filed by Duane McKinney precludes his further arguing any of the merits of his current counterclaim. However, this Court's Order was, of course, not a final judgment, but an interlocutory order. Therefore, the doctrine of res judicata is inapplicable.

**ORDERED** that Duane McKinney second Counterclaim is **DISMISSED**.

Joan Zeldon
(Signed in Chambers)

Copies to:

Richard G. Wise, Esq.
Counsel for Plaintiff
(electronically through CaseFileXpress)

Joseph F. Ferguson, Jr., Esq.
Counsel for Defendant
District of Columbia
(electronically through CaseFileXpress)

The Brotherhood of Men, Inc.
1610 R St., S.E. #3
Washington, D.C. 20019
Defendant – by mail

Duane McKinney
1610 R St., S.E. #3
Washington, D.C. 20019

Shirley D. Brock
168 Bryant Street, N.W.
Washington, D.C. 20001

Maria Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Chester Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Herbert J. Hammond
9008 Ivanhoe Road
Fort Washington, MD 20744

# Exhibit  C

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Loan Services LLC,          )
                                     )
      Plaintiff,          )      Consolidated Cases:
                                     )
      v.                   )      Civil Action Nos. 05-3894 L(RP); 05-3895
                                     )      L(RP); 05-5681 L(RP); 05-5683 L(RP); 05-
                                   )      5684 L(RP); 06-5387 R(RP).
                                   )
Zelda Dorsey, et al.,       )      Judge Joan Zeldon
                                     )
      Defendants.      )

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS DUANE MCKINNEY AND THE BROTHERHOOD OF MEN, INC.

The Court has before it Plaintiff's Motion for Sanctions Against Defendants Duane McKinney and the Brotherhood of Men, Inc., which is unopposed. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

## FACTS

### I.    History of these Cases

Plaintiff Loan Services, LLC is the purchaser of tax sale certificates at the July 2004 tax auction on five related parcels of property known for tax assessment purposes as Lots 46 through 50 in Square 5663 ("the subject properties"), located on the south side of Pennsylvania Avenue in Southeast Washington, D.C. Plaintiff filed its Complaints to foreclose the rights of redemption on two of the parcels of property on May 18, 2005 and the other three related parcels on July 23, 2005.[1]

---

[1] Plaintiff Loan Services, LLC is the purchaser of tax sale certificates on five lots total. The parcels include Lots 46 through 50 in Square 5663. See Loan Services, LLC v. Zelda Dorsey, et al., Civil Action Nos. 05-3894 L(RP), 05-3895 L(RP) (D.C. Super. Ct. filed May 18, 2005); and Loan Services v. Paul E. Rosenberg, et al., Civil Action Nos. 05-5681 L(RP), 05-5683 L(RP), 05-5684 L(RP) (D.C. Super. Ct. filed July 23, 2005). Loan Services, LLC has also filed a related quiet title action regarding the five lots that comprise the subject property. See Loan Services, LLC v.

1



In the Complaints, Loan Services indicated that the property taxes were assessed to Lillian Archer on the tax rolls of the Office of Tax and Revenue for the District of Columbia. However, probate records for the administration of the Estate of Lillian Archer adjudicated in the U.S. District Court for the District of Columbia (Admin. No. 614-73) indicate that Lillian Archer died in 1973.

Lillian Archer's Last Will and Testament as well as federal court probate records are attached to the Complaints. The Will identifies The Red Cloud Indian School as the beneficiary of the subject properties in these cases, but the School renounced its devise and it passed under the residuary clause to her son, Anthony Dorsey, and the Estate of her daughter, Zelda Dorsey. Therefore, Loan Services named as defendants Anthony Dorsey and Paul Rosenberg, the Personal Representative of the Estate of Zelda Dorsey.[2] The Plaintiff also named Shirley D. Brock as a defendant because she purchased a tax deed at the 1998 tax sale, though she never quieted title to the subject properties.

The Plaintiff further named The Brotherhood of Men, Inc. ("The Brotherhood"), an entity that appears in the chain of title to the subject properties. The Brotherhood appears in the chain of title through a document entitled "This Deed," dated October 20, 2004, which purports to have been signed by Lillian Archer more than thirty years after her death. This document was recorded with the Recorder of Deeds of the District of Columbia on October 22, 2004. See Compls. ¶ 6. In the Complaints, the Plaintiff averred that The Brotherhood "is the record owner, but perhaps not the legal owner, of the Property." Id. The Plaintiff also averred that

---

The Brotherhood of Men, Inc., Civil Action No. 06-5387 R(RP). The tax lien cases are nearly identical in most respects. This Court granted Plaintiff's Motion to Consolidate on August 10, 2007; therefore, this Motion relates to all six cases.

[2] The first two cases filed were initially filed against Zelda Dorsey (05-3894, 05-3895). Later, however, once the Plaintiff filed the remaining three tax cases, the Plaintiff amended the Complaints in the first two cases to remove Zelda Dorsey and to add her Estate, Personal Representative (Paul Rosenberg), and heirs.

> On information and belief, an attempt to redeem the property was made by The
> Brotherhood of Men, Inc.  The Brotherhood of Men, Inc. paid the amounts
> required by the District of Columbia to be paid to redeem the Property.  Since
> The Brotherhood of Men, Inc. claims an interest in the Property solely under a
> fraudulent Deed, it does not have actual standing to redeem the Property.

Compls. at ¶ 6.  The address identified in the Complaint for The Brotherhood was 266 Harry S.

Truman Drive, Largo, MD 20774.  Duane McKinney is the President of The Brotherhood.

Initially, Charles A. Ray, Esq. represented The Brotherhood.

On August 2, 2005, Plaintiff filed in all of the cases Affidavits of Service on The

Brotherhood that claim service of process on Charles A. Ray, Esq.'s assistant, Mr. Haines, who

acknowledged that he was authorized to accept service of process for Mr. Ray.  According to the

Affidavit of Service, Mr. Ray had indicated to counsel for the Plaintiff by telephone that he was

authorized to accept service of process as counsel for The Brotherhood.

Significantly, in Civil Action Nos. 05-3894 L(RP) and 05-3895 L(RP), which were filed

two months before this case and the other two tax lien cases, counsel for the Plaintiff, Richard

Wise, Esq., sought to serve The Brotherhood by serving its Registered Agent, Mary E. Beale at

3501 22nd Street, S.E., Washington, D.C.  The Plaintiff did this because The Brotherhood's

Annual Corporate Report with the District of Columbia identified Mary E. Beale as the

Registered Agent. See Aff. of Richard Wise, Esq. of July 1, 2005, Loan Services LLC v. Zelda

Dorsey, et al., Civil Action No. 05-3894 L(RP); 05-3895 L(RP).  Mr. Wise's Affidavit also

indicates that on June 6, 2005, Richard Wise received a phone call from Vincent Johnson, who

identified himself as Mary Beale's son, and indicated "that she is elderly and frail and that she

knows nothing about the Brotherhood or about being designed (sic) as a registered agent for the

Brotherhood." Aff. at 2. In those cases, Mr. Wise then sought to serve Duane McKinney as the

President of The Brotherhood at the 266 Harry S. Truman Drive address, to no avail.

On August 3, 2005, The Brotherhood, through Charles Ray, Esq., filed Disclaimers of Interest in each of the five tax lien cases. The Disclaimers provide:

> The Brotherhood of Men, Inc., by its counsel, hereby advises the Court, the parties and all others having an interest in the above-captioned action that although its name appears in the chain of title as to the property which is the subject of this action, that known for assessment and taxation purposes as Lot 0048 in Square 5663 in the District of Columbia (the "Property"), it hereby disclaims and relinquishes all right, title and interest of whatever kind in and to the Property. The Brotherhood of Men, Inc. does not intend to complete redemption of the Property from the tax sale[,] which is the subject of this lawsuit.

On January 20, 2006, the undersigned Judge held a Status Hearing in Civil Action Nos. 05-3894 and 05-3895. At that point, the period for running of the Initial Order of Publication and service had not expired in Civil Action Nos. 05-5681, 05-5683, and 05-5684, and therefore, they were not set for hearing until March 1, 2006. At the January 20, 2006 Status Hearing, this Court inquired into the allegations of fraud in the Complaint. After some discussion, Mr. Wise indicated that he would consider filing a quiet title action to void the document purportedly conveying the property from Lillian Archer to The Brotherhood before seeking to foreclose on the tax certificates in the tax cases. Charles Ray, Esq. indicated on behalf of The Brotherhood that it would consent to the voiding of the "deed" in the quiet title case. A Status Hearing was set for April 7, 2006.[3]

On February 14, 2006, a document entitled "Answer of Defendant" was filed in Civil Action No. 05-3894. The document provides:

> I Vincent Dorsey is respectfully coming to this Court. I would like to redeem My Family properties (5663 Sq Lot 46, 47, 48, 49, and 50) I ask this court to not Let these Lawyer take our properties. I have paid all the taxes. I talk with Mr. Richard wise he said my Family do not own the Property. Any more. (The Brotherhood) of men own the properties and he said After his research Someone in My Family sold the properties. After checking into it he told Mrs. Darvis. (The Brotherhood of men) Fraudulent a Deed into their Name) and Everyone is

---

[3] Civil Action Nos. 05-5681, 05-5683, and 05-5684 were continued to April 7, 2006 and were called with Civil Action Nos. 05-3894 and 05-3895, the older two cases.

dead who own the properties. (Zeldon Dorsey) is not Dead, I Am not Dead (Vincent DorSey) I have called Mr. Charles Ray office to see can I talk with his client the Brotherhood of Men.  I haven't talk with him yet, I leFted (5) Messages with his Secretary. I only ask this court to give me my rights and Enforce this Mr. Wise to give me the PayoFF Amount of $13,000.00 he haven't sent Me yet.

> Vincent Dorsey
> 2511 Quail Drive Apt. 1
> Colombia, Mo 65202
>
> /s/ Vincent Dorsey

Oddly, the document includes glaring factual irregularities.  Specifically it identifies an individual named "Zeldon Dorsey."  Zeldon is the last name of the undersigned Judge.  Zelda Dorsey was a Defendant to the tax lien cases because she is the daughter of Lillian Archer.  She is also the sister of Vincent Dorsey.  Furthermore, the document claims that "(Zeldon Dorsey) is not Dead."  Zelda Dorsey is dead. See p. 2, n.2 supra.  Finally, Vincent Dorsey does not have an interest in the related properties because he was given only $1.00 under Lillian Archer's Will, and he was not a residuary beneficiary.

On March 24, 2006, counsel for the Plaintiff filed Motions for Entry of Order of Judgment Extinguishing the Interest of the Brotherhood of Men, Inc. in the five related tax lien cases.  At a Status Hearing on April 7, 2006, Mr. McKinney advised the Court that Mr. Ray was no longer his attorney and that he had filed a complaint about Mr. Ray with the D.C. Bar.  This Court explained that Mr. Ray was still attorney of record for The Brotherhood and that he would have to file a motion to withdraw.  This Court unsuccessfully attempted to contact Mr. Ray during the Hearing.

During the Hearing, this Court also inquired into the Answer supposedly filed by Vincent Dorsey, claiming an interest in the property.  This Court questioned Mr. Wise's assertion in the Complaint that "[u]pon information and belief, Zelda Dorsey is deceased," because it conflicts

5

with her brother Vincent Dorsey's assertion that she is not dead. This Court then asked Mr. Wise whether he had a phone number for Vincent Dorsey. Mr. Wise said he did not. Because the Answer also indicated that Vincent Dorsey had attempted to contact Mr. Ray and left five messages, this Court inquired of Mr. McKinney whether he had any knowledge of Vincent Dorsey's phone number. Mr. McKinney indicated that he had retrieved the case file from Mr. Ray, that he had read it, but there was nothing relating to Vincent Dorsey.

Mr. McKinney then explained that he did not want Mr. Ray to file the Disclaimers of Interest on behalf of The Brotherhood and that he wanted to change the organization's position. This Court suggested to Mr. McKinney that he retain new counsel before he tried to "walk away" from the filed Disclaimers.

Finally, at the April 7, 2006 Hearing, this Court gave Mr. Wise leave to amend the Complaints to add Vincent Dorsey as a party, as well as the other heirs to Lillian Archer's Estate, and gave Mr. Wise 90 days to serve all parties. The undersigned Judge then continued the five tax lien cases to July 14, 2006.

On April 21, 2006, Mr. Wise filed Motions for Leave to File Amended and Supplemental Complaints in each of the tax lien cases. In the Amended Complaints in each case, the Plaintiff named Anthony Dorsey and Vincent Dorsey, children of Lillian Archer, as well as Maria (a/k/a Marcia) Slaughter, Chester Slaughter, and Dorothy Archer, children of Zelda Dorsey and grandchildren of Lillian Archer. The Plaintiff also named The Brotherhood, Shirley D. Brock, and the District of Columbia.

On June 20, 2006, this Court denied Plaintiff's Motions for Entry of Order of Judgment Extinguishing the Interest of the Brotherhood in the five related tax lien cases. This Court denied the Motions because it would have created a piecemeal judgment, which would be

6

essentially worthless in tax lien litigation, and because a tax lien case is not a proper mechanism to quiet title to property. This Court further indicated that a quiet title action by a party who has standing would be the appropriate method of determining the validity of a claimed interest in property.

On July 14, 2006, this Court held a Status Hearing at which Messrs. Wise, Ray, and McKinney all were present. The undersigned Judge first inquired of Mr. McKinney about how he might be contacted because Court staff had had difficulty reaching him. Mr. McKinney indicated that his address was 266 Harry S. Truman Drive, Largo, MD 20774. He also said that he did not wish to disclose his phone number. After some discussion of Court Rules, Mr. McKinney gave his phone number ((202) 492-0550). Mr. Wise also stated that he was seeking to serve the newly added Defendants. Consequently, this Court continued the five tax lien cases until October 20, 2006.

At the July 14, 2006 Status Hearing, Mr. Wise reported that he had received a phone call from Mr. McKinney the day before the Hearing indicating that Mr. McKinney had filed a quiet title action. In that case, <u>Duane McKinney v. Vincent Dorsey</u>, Civil Action No. 06-3917 R(RP) (D.C. Super. Ct. filed May 19, 2006), Mr. McKinney claimed that Vincent Dorsey verbally conveyed him the property on behalf of Lillian Archer by way of a power of attorney in 1988. On July 17, 2006, the undersigned Judge certified that case to this calendar to be managed along with the tax lien cases.

On July 14, 2006, Mr. Wise also filed a quiet title action against The Brotherhood, Duane McKinney, and the other tax lien Defendants. See Loan Services LLC v. Brotherhood of Men, Inc., et al., Civil Action No. 06-5387 R(RP) (D.C. Super. Ct. filed July 14, 2006).[4]

On July 24, 2006, Plaintiff filed Affidavits of Service on Vincent Dorsey in the tax lien cases that claim personal service was effected on Mr. Dorsey at 3816 Copley Road, Baltimore, MD 21215, and not Colombia, Missouri, the city and state of residence indicated in the "Answer" purportedly filed by Mr. Dorsey.

On September 15, 2006, a Status Hearing was held in Civil Action No. 06-3917 (Mr. McKinney's quiet title action) and Mr. McKinney did not appear. This Court dismissed that case for (1) want of prosecution; (2) failure to state a valid cause of action in the Complaint because it asserts a verbal transfer of property, which is prohibited by D.C. Code § 42-306; and (3) failure to timely effect service of process on Vincent Dorsey.

On October 13, 2006, Charles Ray filed Motions to Withdraw as Counsel for The Brotherhood and Duane McKinney.[5] The Plaintiff filed Oppositions, consenting to Mr. Ray's withdrawal, but noting that (a) Mr. McKinney was not a Defendant in the tax lien cases, and therefore Mr. Ray could not withdraw as his counsel, and (b) because a corporation must be represented by counsel pursuant to Super. Ct. Civ. R. 101(a)(1) and (2), The Brotherhood would have to retain substitute counsel. This Court granted Mr. Ray's Motions to Withdraw on October 19, 2006.

---

[4] On August 31, 2006, this Court granted Plaintiff's Motion to Certify the case to this calendar and set the Initial Scheduling Conference for October 20, 2006, the next court date for the tax lien cases that are the subject of this Memorandum and Order.

[5] Actually, he had never formally entered an appearance on behalf of Duane McKinney as an individual as distinguishable from Duane McKinney as President of The Brotherhood.

8

At a Status Hearing on October 20, 2006, Mr. Wise, Mr. McKinney, and Vincent Dorsey appeared. The Brotherhood was not represented by counsel at the Hearing. Vincent Dorsey submitted to the Court a letter in which he contradicted the claims made by Mr. McKinney in Civil Action No. 06-3917, McKinney's quiet title action. Mr. Dorsey emphatically stated at the Hearing that he did not file the "Answer" in Civil Action No. 05-3894, which was filed under his name on February 14, 2006.

This Court then put Mr. Dorsey under oath. Mr. Dorsey indicated that his name was Vincent Sylvester Dorsey. This Court asked to see Mr. Dorsey's driver's license, in which his residence is identified as located on Missouri Ave., Washington, D.C., not Colombia, Missouri as identified in the "Answer." Mr. Dorsey indicated that he did not file the "Answer."

This Court then stated that Mr. Dorsey's letter to the Court would be docketed in each of the five tax lien cases and the quiet title case filed by Loan Services. Upon his request and with Plaintiff's consent, Mr. Dorsey was dismissed from all of the cases at issue here. Mr. McKinney indicated he was not prepared to proceed because he needed more time to retain counsel for The Brotherhood. Mr. McKinney also agreed to accept service of process in Loan Services' quiet title case.

This Court inquired about how long The Brotherhood would need to retain a lawyer, and also asked whether Mr. McKinney would retain counsel for himself. Mr. McKinney then stated that The Brotherhood would retain a lawyer, but that he did not need a lawyer to represent him. Mr. McKinney then stated, referring to himself in the third person: "**Mr. McKinney has no interest in the property.** The Brotherhood of Men have the interest, so you will get

9

documentation from my attorney as well."[6]  This Court gave The Brotherhood two weeks to retain counsel and set Status Hearings for November 3, 2006.

Mr. Wise noted that in Mr. McKinney's quiet title action, Civil Action No. 06-3917, Mr. McKinney claimed a personal interest in the subject property from Vincent Dorsey.[7]  This Court responded that Mr. McKinney's quiet title case had been dismissed.

On November 3, 2006, this Court held a Status Hearing at which Messrs. Wise, McKinney, and Joseph Ferguson, Esq., Assistant Attorney General for D.C., appeared.  The Brotherhood had not yet retained counsel, though Mr. McKinney said that a lawyer was researching the case.  This Court again advised Mr. McKinney that The Brotherhood was required by Super. Ct. Civ. R. 101 to be represented by counsel; otherwise this Court would enter a default against the corporation.  Mr. McKinney requested an additional thirty days to retain counsel.  This Court continued the Status Hearing until December 8, 2006.

Upon request, this Court then gave Mr. McKinney the opportunity to speak.  Mr. McKinney then indicated that the Federal Bureau of Investigation was investigating The Brotherhood and Mr. McKinney, at the request of the U.S. Attorney, and had confiscated $194,000 and $100,000 in assets of The Brotherhood.  The undersigned Judge explained to Mr. McKinney that she had no knowledge of any action against him taken by the F.B.I.

---

[6] See Courtsmart Record of October 20, 2006 at 10:46 a.m. in Courtroom 100 (double emphasis added).

[7] In the Complaint in that case, Mr. McKinney did aver that:

> Plaintiff [Duane McKinney] is the rightful owner of the Square 5663, Lots 38, 37, 46, 47, 48, 49, and 50 in Washington D.C. as per plat recorded in the Office of Surveyor for the District of Columbia and the Recorder of the Deed Office.  Plaintiff [Duane McKinney] has been the owner of these properties every since 1988.  Mr. Vincent Dorsey granted ownership of these properties under Mr. Duane McKinney.  This was granted verbally in 1988.  Mr. Vincent Dorsey did sign Lillian Archer's name on the legal documents on October 14, 2004.  Granting the Brotherhood of Men, Inc. 100% rights and ownership of these properties.  Mr. Vincent Dorsey legally has the power of attorney to sign Lillian Archer's name to the documents surrounding these properties.

Compl. ¶¶ 2-5, McKinney v. Dorsey, Civil Action No. 06-3917

Mr. McKinney also stated that the individual that appeared on October 20, 2006 and identified himself as Vincent Dorsey was not the Vincent Dorsey involved in this case and that he had three or four individuals that could support his claim. This Court then suggested that Mr. McKinney bring those three or four individuals to Court to rebut Mr. Dorsey's identity. Mr. McKinney did not further contest Mr. Dorsey's testimony.

Mr. McKinney then accused Joseph Ferguson of preventing Mr. McKinney from redeeming these properties. Mr. Ferguson responded that because there were numerous cases in which The Brotherhood claimed title to property based on conveyances from record owners who are purportedly dead, he instructed the Office of Tax and Revenue to not process redemptions for Mr. McKinney or The Brotherhood. Mr. Wise countered that Mr. McKinney does not have a right to redeem the property because he does not have an interest in the property; the purported conveyance was from Lillian Archer to The Brotherhood. This Court then continued these cases to December 8, 2006 to allow The Brotherhood to retain counsel.

On December 8, 2006, Mark Chalpin, Esq. entered his appearance for The Brotherhood. This Court continued the Status Hearing until January 19, 2007 so Mr. Chalpin could familiarize himself with this case.

On January 9, 2007, Mr. Chalpin filed Motions to Withdraw in the related cases. At the Status Hearing on January 19, 2007, Messrs. Wise, McKinney, Ferguson, and Mark Chalpin, Esq. appeared. After some discussion on the record, this Court granted Mr. Chalpin's Motions to Withdraw.

At that hearing, this Court again advised Mr. McKinney that The Brotherhood could not appear without counsel, and urged that The Brotherhood retain new counsel. Some discussion occurred regarding Mr. McKinney's personal interest in the property. This Court inquired of Mr.

11

Wise whether Mr. McKinney should be named individually in the tax lien cases. Mr. Wise was unsure as to whether he wanted to amend the Complaints to add Mr. McKinney. This Court indicated that it would be entering a default against The Brotherhood after numerous continuances had been given Mr. McKinney to allow The Brotherhood to retain a lawyer.

Mr. McKinney then for the first time informed the Court that the "Recorder of Deeds have a document that was recorded with the deed of The Brotherhood of Men that says Duane McKinney own" [sic] the property.[8]  This Court advised Mr. McKinney that if he had a document making him the owner of the property, these cases would be continued for one week so he could produce the document to the Court. Mr. McKinney then indicated that he would have the document at the next hearing. This Court continued the case for one week, until January 26, 2007.

At the January 26, 2007 Status Hearing, Messrs. Wise, McKinney, and Ferguson appeared. The Brotherhood had not retained a new lawyer to represent its interests. Mr. McKinney stated that he had a document that made him the owner of the properties. He submitted to the Court a document entitled "This Deed" which he alleges conveys the subject property to him from The Brotherhood of Men, Inc. The document is dated February 24, 2005, but was recorded with the Recorder of Deeds on January 22, 2007—**three days after** the Status Hearing on January 19, 2007 at which Mr. McKinney first informed the Court of his individual interest. The document is not witnessed. It "does hereby rant" the property to Mr. McKinney. A Notary Public named Edward Harrin Harris signed it. Though the signature on the "Grantor" line is similar to other signatures of Mr. McKinney, he would not confirm that he had signed the grant of property to himself, but did note Mr. Morgan Morton, Esq. drafted this document as the settlement attorney.

---

[8] See Courtsmart Record of January 19, 2007 at 12:38 p.m. in Courtroom 100.

12

Based on the document submitted by Mr. McKinney, and upon request, this Court granted Plaintiff leave to amend the Complaint in the five tax lien cases to name Mr. McKinney as a Defendant.

The Complaints in all of these cases were subsequently amended on February 1, 2007. Affidavits of Service exist in all six cases claiming service of process on Duane McKinney by serving Dorthia Richards, Mr. McKinney's "roommate," at 1610 R Street, S.E., Apt. 3, Washington, D.C. 20019.[9] On February 9, 2007, Mr. McKinney filed a Motion for Dismissal in Civil Action No. 05-5684, in which he also requested a payoff statement. On February 12, 2007, Mr. McKinney then filed a Counterclaim in Civil Action No. 05-5684 claiming that:

> Loan Service LLC has use the legal system to abuse Duane McKinney in every Department. Men have came forward Disclaimming their Interest. Women have come Forward Disclaiming their Interest. A Organization has come also. AFter The Brotherhood Disclaimer, I Duane McKinney have discovered that it is a Fact that Five of those Disclaimers are Fraud and From this this Company have Clearly Abuse Duane McKinney with the Legal System in every Facualty. See Attachment.

Mr. McKinney sought $1,000,000 in damages.

At a Status Hearing on February 16, 2007 in the six related cases, Messrs. Wise, McKinney, and Ferguson appeared. Mr. Wise indicated that he had filed Amended Complaints in all six cases and service was effected on Mr. McKinney. Mr. Wise also indicated that his research uncovered two additional children of Zelda Dorsey, who were named in the Amended Complaint, Nancy Archer and Vanetta Dorsey. Mr. Wise stated that he was provided with a copy of Mr. McKinney's Counterclaim the morning of February 16, 2007 before the Status

---

[9] Mr. McKinney had given the address to the Court and counsel in his other similar tax lien cases in which The Brotherhood claims title. See Ann E. Elwan, et al., v. Alta Marsh, et al., Civil Action No. 04-5517 L(RP) (D.C. Super. Ct. filed July 16, 2004); Vivian Kwok v. The Brotherhood of Men, Inc., et al., Civil Action No. 06-4451 R(RP) (D.C. Super. Ct. filed June 8, 2006)

Hearing. This Court then continued these cases to May 4, 2007 to allow the Plaintiff to serve the remaining Defendants and to conduct discovery of Mr. McKinney and The Brotherhood.

Mr. Wise indicated that his discovery would include a corporate deposition of The Brotherhood and an individual deposition of Mr. McKinney. Mr. McKinney then stated: "and if I refuse?" The undersigned Judge advised Mr. McKinney that if he refused, Mr. Wise would ask the Court to sanction him for failing to comply with discovery, which could include an inability to defend himself in the litigation. Mr. McKinney objected to discovery being conducted in a tax foreclosure action. This Court indicated that discovery was proper under the circumstances because of the document dated February 24, 2005 based on which Mr. McKinney claims entitlement to the property and the document dated October 20, 2004 purportedly conveying the property from the dead Lillian Archer to The Brotherhood.

On February 21, 2007, Mr. Wise served The Brotherhood and Mr. McKinney with Notices of Deposition that were scheduled for March 22, 2007 at 10:00 a.m. for The Brotherhood and for 2:00 p.m. for Mr. McKinney.

In March 2007, this Court denied Mr. McKinney's Motion for Dismissal and later granted Plaintiff's Motion to Dismiss Mr. McKinney's first Counterclaim for failure to state a claim.

On March 23, 2007, Mr. Wise sent a letter to Duane McKinney and The Brotherhood in which he explained that neither had appeared for the March 22, 2007 depositions, and that they were rescheduled for April 4, 2007 at 10:00 a.m. for The Brotherhood and at 2:00 p.m. for Mr. McKinney. Mr. Wise also stated his intention to file a Motion to Compel should they not cooperate.[10]

---

[10] The deposition notices, sent to the 1610 R Street, S.E., Apt. # 3 address, were later returned. The Brotherhood's envelope was returned with "Sender Back Sender to the" written on it. A second envelope was returned with "Not

On March 26, 2007, Mr. McKinney filed a second pro se Counterclaim in Civil Action

No. 05-5684. In the Counterclaim, Mr. McKinney claimed:

> Loan Service LLC has DeFame the Character oF Duane McKinney and has used
> the I.R.S. Case to hold Me in Court. Their is No Law that Support this Case to be
> postpone Any Further the Taxes have been Paid Since November 1, 2004.

Mr. McKinney again sought $1,000,000 in damages.

Neither Mr. McKinney nor a corporate representative for The Brotherhood appeared for

the April 4, 2007 depositions. Therefore, on April 5, 2007, Mr. Wise filed a Motion to Compel

Defendants The Brotherhood and Duane McKinney to submit to depositions by Plaintiff. Mr.

Wise stated in the Motion that he had made several telephone calls to Mr. McKinney's cell

phone ((202) 492-0550) on March 20, 22, and April 4, 2007, but Mr. McKinney never answered;

Mr. Wise said he left messages about the depositions.

This Court held a Status Hearing on May 18, 2007 in which Messrs. Wise, McKinney,

and Ferguson appeared. This Court specifically asked Mr. McKinney where he lived because

Mr. Wise's discovery notices were being returned. Mr. McKinney indicated that he still resided

at the 1610 R Street address. This Court advised Mr. McKinney that the Motion to Compel

would be granted but that Mr. McKinney should comply with further attempts at conducting

discovery and a failure to do so might result in the imposition of sanctions, including adverse

findings of fact.

Mr. McKinney then told this Court that he has complied with everything required of him

in these cases and that this Court has prevented him from redeeming these properties for over

two years. Mr. Wise countered that although The Brotherhood claimed title to the property

through a document entitled "This Deed," the property was "conveyed" by a person who had

---

At this Address" written on it. Another envelope to The Brotherhood was returned with "Return to Sender" written
on it and "RGW." The reference to "RGW" is not obviously discernable, but counsel for the Plaintiff is Richard G.
Wise. Notably, the deposition notices sent to Mr. McKinney at the same address were not returned.

been dead for decades. Furthermore, a second document was then filed in this case purportedly conveying the property from The Brotherhood to Duane McKinney individually. Mr. Wise pointed out that he was entitled to conduct discovery about these documents. Mr. Ferguson, for the District of Columbia, concurred with Mr. Wise.

On May 25, 2007, Mr. Wise filed a Motion to Dismiss Second Counterclaim Filed by Defendant Duane McKinney in Civil Action No. 05-5684. A Status Hearing was held on June 22, 2007 in which Messrs. Wise, McKinney, and Ferguson were present. Mr. Wise informed this Court that Mr. McKinney and a representative of The Brotherhood failed to appear for third attempted depositions on June 5, 2007. Mr. Wise then indicated that he had filed dispositive Motions in the six related cases and served a copy on Mr. McKinney in open court. This Court also delivered to the parties copies of an Order Granting Plaintiff's Motion to Dismiss Second Counterclaim Filed by Defendant Duane McKinney.

During the Hearing, Mr. McKinney again referred generally to a federal criminal matter and that the F.B.I. was investigating him. The undersigned Judge again explained to Mr. McKinney that other than his unspecific references to other cases against him, she was unaware of any cases other than the tax lien and quiet title cases before her (as well as other tax lien cases in the Superior Court). This Court then set a Status Hearing for October 12, 2007.

On June 28, 2007, this Court ordered Mr. Wise to file a Motion for Sanctions by July 16, 2007 pursuant to Super. Ct. Civ. R. 37(b), which on several occasions he had indicated he planned to do if Mr. McKinney and The Brotherhood failed to cooperate with discovery. Furthermore, the Order gave Mr. McKinney and The Brotherhood over two weeks, until August 5, 2007, to respond. Finally, the Court issued an Order setting a Show Cause Hearing for August

16

10, 2007 at 9:30 a.m. to give Mr. McKinney and The Brotherhood "an opportunity to show cause why any sanctions requested should not be granted."

On July 9, 2007, Mr. McKinney filed Oppositions to Plaintiff's Motions for Default Judgment filed in the six related cases. The Oppositions do not identify why the Motions should not be granted.[11]

## II.    Plaintiff's Motions for Sanctions Against Defendants Duane McKinney and The Brotherhood in Civil Action No. 05-5684 L(RP)

On July 11, 2007, Mr. Wise filed the Plaintiff's Motions for Sanctions Against Defendants Duane McKinney and The Brotherhood.   Mr. Wise's Motion includes (1) his Affidavit describing his efforts to depose Mr. McKinney and the Brotherhood; (2) the Notices of Deposition; (3) the returned envelopes; (4) transcripts of the depositions; (5) the Court Reporter's invoices; (6) the Letter to The Brotherhood and Mr. McKinney regarding the rescheduled depositions and a Certificate of Discovery; (7) a Letter to Rita Bosworth, Esq., an Assistant Federal Public Defender in the District of Columbia;[12] (8) an Itemization of costs and ✓ receipts from CaseFileXpress, this Court's electronic filing manager; and (9) a listing of legal fees incurred by Mr. Wise.

---

[11] The Oppositions to Summary Judgment and Default Judgment are written on a pro se motion form.  They read: "Summary Judgment Opposition Default Judgment   I request respectFully A Denial oF DeFault Judgment and summary Judgment for Duane McKinney and Request A Hearing For Quiet Title Hear By Another Court Judge." Even if Mr. McKinney's Oppositions were treated as motions to transfer the quiet title case, Civil Action No. 06-5387 R(RP), to another Judge, Mr. McKinney does not provide any reason.  Therefore, even if his Oppositions, quoted above, were treated as a motion, this Court would deny the request for failure to give any reason.

[12] At the August 10, 2007 Hearing, Mr. McKinney denied having a Federal Public Defender.

### A. Richard Wise's Affidavit

In his Affidavit, Mr. Wise recounts in detail his unsuccessful efforts to take the depositions of Mr. McKinney and The Brotherhood. Mr. Wise also describes his education and experience.[13] Mr. Wise avers that he regularly bills clients at $345 per hour.

### B. Plaintiff's Costs as Identified in the Exhibits to the Motion for Sanctions

Exhibit No. 22 to the Motion for Sanctions is an Itemization of Costs, with receipts, which contains the following:

| Expenses Before Entry of Order Granting Motion to Compel | | |
|---|---|---|
| **Date** | **Cost** | **Nature of Expense** |
| 3/22/07 | $359.00 | Transcripts of Depositions of The Brotherhood of Men, Inc. and Duane McKinney |
| 3/26/07 | $15.34 | CaseFileXpress Charges for Plaintiff's Certificate Re: Discovery as to Rescheduled Depositions |
| 4/4/07 | $451.65 | Transcripts of Depositions of The Brotherhood of Men, Inc. and Duane McKinney |
| 4/5/07 | $35.79 | CaseFileXpress Charges for Plaintiff's Motion to Compel |
| **Subtotal:** | **$861.78** | |

---

[13] Specifically, he notes that he graduated from San Diego State College in 1965 with a Bachelor of Arts degree, with honors and that he graduated from the School of Law of the University of California at Los Angeles in 1968 with a Juris Doctor. Mr. Wise avers that he served on continuous active duty with the U.S. Marine Corps Reserve from January 1969 to December 1971, and served in the reserves until 1991 where he was a Judge Advocate and retired in the grade of Colonel. Mr. Wise further avers that he served with the Office of the Corporation Counsel, now the Attorney General's Office, between 1972 and 1980, in the Law Enforcement Division and the Civil Division for one year each and the Special Assignments Division for six years, the last six months of which were as Acting Chief of the Section.

In July 1980, Mr. Wise avers that he went into private practice in the District of Columbia with Pohoryles & Greenstein, P.C., first as an associate and then as a shareholder. In January 1989, Mr. Wise became one of the founding members of Greenstein DeLorme & Luchs, P.C. ("GDL"). Mr. Wise's areas of practice have been in civil litigation, real property, bankruptcy, foreclosure, and D.C. property tax lien litigation. GDL was one of three firms retained by District TLC Trust 1996 and Breen Capital Services Corporation in connection with the collection of real property tax liens in D.C. and he was the lead litigation attorney in that effort. Mr. Wise avers that he has been engaged in representing tax sale purchasers and redeeming parties in tax foreclosure litigation since 1996, through the enactment of the Tax Clarity Act of 2000, which substantially changed foreclosures, to the present.

Mr. Wise avers that he is a member of the bars of the District of Columbia since 1970, California since 1976, and Maryland since 1983. He is a Master member of the Congressman Walter Chandler American Inn of Court, a member of the Maryland Bankruptcy Bar Association, and has served in various capacities of The Counselors (Treasurer, Secretary, Vice President, President, and currently a Director).

| Expenses After Entry of Order Granting Motion to Compel | | |
|---|---|---|
| **Date** | **Cost** | **Nature of Expense** |
| 5/21/07 | $8.18 | CaseFileXpress Charges for Service of Notices of Deposition on Joseph F. Ferguson, Jr., Esq. |
| 5/21/07 | $15.34 | CaseFileXpress Charges for Plaintiff's Amended Certificate Re: Discovery as to Rescheduled Depositions |
| 6/5/07 | $350.00 | Court Reporter on Call Fees |
| 7/11/07 | $35.79 | CaseFileXpress Charges for Plaintiff's Motion for Sanctions |
| **Subtotal:** | $409.31 | |
| **Total:** | $1,271.09 | |

### C. Plaintiff's Fees as Identified in the Exhibits to the Motion for Sanctions

Exhibit No. 23 consists of the following itemization of legal fees claimed for work done by Richard G. Wise, Esq.:

| Legal Fees Before Entry of Order Granting Motion to Compel | | | |
|---|---|---|---|
| **Date** | **Hours** | **Fee** | **Task** |
| 3/22/07 | 0.6 | $207.00 | Telephone Call for Duane McKinney and The Brotherhood Re: Failure to Appear for Deposition |
| 3/26/07 | 0.8 | $276.00 | Preparation of Plaintiff's Certificate Re: Discovery Re: Rescheduled Depositions; Filing Electronically |
| 4/4/07 | 1.0 | $345.00 | Preparation for and Representation at Scheduled Deposition of The Brotherhood; Telephone Call for Mr. McKinney; Representation at Scheduled Deposition of Mr. McKinney |
| 4/5/07 | 2.8 | $966.00 | Preparation of Motion to Compel; Letter to Court; Filing Electronically; Proposed Order e-mailed |
| 5/14/07 | 0.1 | $34.50 | Preparation of e-mail to Ron Williams of the IRS Re: whether Mr. Duane McKinney is Confined |
| **Subtotal:** | 5.3 | $1,828.50 | |

| Legal Fees After Entry of Order Granting Motion to Compel | | | |
|---|---|---|---|
| **Date** | **Hours** | **Fee** | **Task** |
| 5/21/07 | 1.0 | $345.00 | Revision of Two Notices of Deposition and Certificate Re: Discovery; Electronic Filing; Preparation of Amended Certificate Re: Discovery; Electronic Filing |

| 5/29/07 | 0.7 | $241.50 | Review and Analysis of New Deposition Notice Packages Returned by Postal Service with Handwritten and Stamped Notations; Preparation of Letter to Rita Bosworth, Esq., Assistant Federal Public Defender |
|---|---|---|---|
| 6/5/07 | 1.0 | $345.00 | Preparation for Deposition of The Brotherhood and Mr. McKinney; Revision of Exhibit List; Meeting with Court Reporter; Telephone Conference with Olender Reporting Re: No-Shows |
| 7/5/07 | 0.1 | $34.50 | Review of Order Directing the Filing of a Motion for Sanctions and Scheduling Show Cause Hearing |
| 7/7/07 | 3.2 | $1,104.00 | Preparation of Motion for Sanctions, Memorandum in Support, Proposed Order, Affidavit, Exhibits |
| 7/8/07 | 1.5 | $517.00 | Preparation of Memorandum in Support of Motion for Sanctions, Fees List, Costs List, Affidavit |
| 7/9/07 | 4.5 | $1,552.50 | Preparation of Instructions for Exhibits to Motion for Sanctions; Memorandum in Support; Affidavit Revision; Exhibits; Legal Research |
| 7/10/07 | 3.3 | $1,138.50 | Preparation of Motion for Sanctions, Memorandum, Exhibits, Lists, Proposed Order and Courtesy Copy Letter to Court |
| 7/11/07 | 0.3 | $103.50 | Electronic Filing of Motion |
| **Subtotal:** | 13.9 | $5,381.50 | |
| **Total:** | 19.2 | $7,210.00 | |

### III.    Show Cause Hearing of August 10, 2007

This Court held a Hearing on August 10, 2007 to give Mr. McKinney one last chance to address his failure to comply with discovery and to further advise the Court of any reason why Mr. Wise's Motion for Sanctions should not be granted. Again, this Court advised Mr. McKinney that the sanctions could include adverse findings of fact.

Mr. McKinney made an obscure reference to a case before Judge Reggie Walton, and said that Judge Walton had ordered that these cases be "stayed." The undersigned Judge advised Mr. McKinney that she had never been advised of any "order" or request by Judge Walton, or what the matter before Judge Walton has to do with these tax foreclosure cases.[14]

---

[14] Mr. McKinney also indicated that he has an attorney with whom he has consulted. This Court noted that other than attorney Ray and Chalpin (both of whom withdrew), no attorney on his behalf has appeared before this Court.

20

Mr. McKinney then complained that this Court has prevented him from redeeming this property, and that he was being deprived of his rights as an interested party. This Court indicated that those issues had been addressed fully on numerous previous occasions. Significantly, Mr. McKinney did not address his failure to cooperate with discovery sought by Plaintiff and ordered by this Court.

## ANALYSIS

I.    **Super. Ct. Civ. R. 37: Failure to Cooperate in Discovery; Sanctions**

Pursuant to Super. Ct. Civ. R. 37(a)(2), "[i]f a deponent fails to answer a question propounded or submitted under Rule 30 . . . , or a corporation . . . fails to make a designation under Rule 30(b)(6) . . ., the discovering party may move for an order compelling an answer, or a designation." Super. Ct. Civ. R. 37(a)(4) further provides that "[i]f the motion is granted . . . the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees."

Super. Ct. Civ. R. 37(b)(2) provides that

If a party or an officer . . . of a party or a person designated under Civil Rule 30(b)(6) . . . to testify on behalf of a party fails to obey an order to provide or permit discovery, . . . the Court may make such orders in regard to the failure as are just, including among others the following:
    (A)    An order that the matters regarding which the order was made or any other designated facts shall be taken as established for the purposes of the action in accordance with the claim of the party obtaining the order;
    (B)    An order refusing to allow the disobedient party to . . . oppose designated claims . . . , or prohibiting that party from introducing designated matters in evidence;
    (C)    . . . ;
    (D)    . . . ;
    (E)    . . . ;
In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising the party or

21

both to pay the reasonable expenses, including attorney's fees, caused by the failure.

"The imposition of sanctions pursuant to Rule 37 is vested in the broad discretion of the trial court, and [the D.C. Court of Appeals] will disturb the ruling only for an abuse of discretion." Firestone v. Harris, 414 A.2d 526, 527 (D.C. 1980). "Sanctions for violations of discovery orders are left to the sound discretion of the trial court in large part because the judge is in the best position to evaluate the immediate circumstances of the case and the credibility of the parties." Abell v. Wang, 697 A.2d 796, 804 (D.C. 1997) (quoting Firestone, 414 A.2d at 528). "There is no requirement that his failure be willful or malicious; a conscious failure to comply is sufficient." Firestone, 414 A.2d at 527.

## II.    The Failure of The Brotherhood and Mr. McKinney to Cooperate in Discovery

Since the initial filing of the Complaints in the five tax lien cases, a substantial cloud has existed on the title to Lots 46 through 50 in Square 5663, located on the south side of Pennsylvania Ave. in Southeast, Washington, D.C.  Specifically, a document entitled "This Deed" was recorded with the Recorder of Deeds on October 22, 2004 that purports to convey property from Lillian Archer to The Brotherhood of Men, Inc. on October 20, 2004.  The problem with this purported conveyance is that according to probate records for the administration of her Estate (Admin. No. 614-73) adjudicated in the U.S. District Court for the District of Columbia, which then had jurisdiction over probate matters in the District, Lillian Archer died in 1973.

Notwithstanding the fact that Charles Ray, Esq., counsel for The Brotherhood, filed Disclaimers of Interest in the tax lien cases for The Brotherhood on August 3, 2005, Mr. McKinney, who is The Brotherhood's President, continued to appear at Status Hearings taking a contrary position to the Ray Disclaimers.  Furthermore, despite repeated opportunities to

22

retain counsel allowed by this Court, The Brotherhood failed to retain counsel to represent its interests as required by Super. Ct. Civ. R. 101. Both Charles Ray and Mark Chalpin were allowed to withdraw their appearances on behalf of The Brotherhood. Finally, on January 19, 2007, this Court indicated that it would enter a default against The Brotherhood. However, according to the record, a default was never actually entered. Clouding title even further, Mr. McKinney suddenly indicated that he had a personal interest in the property.

On January 26, 2007, Mr. McKinney submitted a document entitled "This Deed" which he alleged conveys the property to him from The Brotherhood. The document is dated February 24, 2005 (which is before the Disclaimers of Interest filed by his then attorney on August 3, 2005). However, it was not recorded with the Recorder of Deeds until January 22, 2007, three days after the January 19, 2007 Status Hearing in which he first informed this Court of his personal interest in the property. The document is not witnessed and has numerous typographical errors. Furthermore, the signature on the grantor line appears to be similar to Mr. McKinney's signature though he would not admit to the Court who signed it.

On April 5, 2007, Mr. Wise filed in this case a Motion to Compel as to Defendants The Brotherhood and Duane McKinney pursuant to Super. Ct. Civ. R. 37(a)(2). He indicated in the Motion that he served Notices of Deposition on The Brotherhood and Mr. McKinney at the 1610 R Street, S.E., Apt. # 3 address for March 22, 2007 at 10:00 a.m. and 2:00 p.m. Neither appeared. Mr. Wise sent both a letter regarding the depositions. Mr. Wise then served Notices of Deposition on Mr. McKinney and The Brotherhood for April 4, 2007 at 10:00 a.m. and 2:00 p.m. Again, neither appeared. Mr. Wise called Mr. McKinney's cell phone and left a message. Mr. McKinney did not respond. The Brotherhood's envelopes were returned with various handwritten notations, but Mr. McKinney's were not.

This Court held a Status Hearing on May 18, 2007. At the Status Hearing, this Court granted the Motion to Compel and advised Mr. McKinney that he should comply with further attempts at conducting discovery, and that a failure to do so might result in the imposition of sanctions, which could include adverse findings of fact.

If there ever was a case for imposing sanctions pursuant to Super. Ct. Civ. R. 37(b), this is it. The Brotherhood and Mr. McKinney (The Brotherhood's President) have utterly refused to comply with three different attempts to participate in discovery, even after this Court entered an Order compelling them to do so.

D.C. Code § 47-1360 provides that only "an owner or other person who has an interest in the real property sold by the Mayor may redeem the real property at any time until the foreclosure of the right of redemption is final." Mr. McKinney now claims that he and The Brotherhood are "interested parties." However, because a substantial cloud exists on the title to this property—i.e., the conveyance of the property from the deceased Lillian Archer nearly 30 years after her death—the District of Columbia properly prevented redemption attempts by Mr. McKinney or The Brotherhood. Thus, technically there exists a dispute of fact as to whether either may redeem. Because of the cloud on title arising out of the unusual circumstances of this case, this Court allowed the Plaintiff to take discovery. Despite numerous warnings about the failure to comply with discovery, Mr. McKinney completely disregarded his obligations in this case—all the while complaining of an injustice as to him. Mr. McKinney and The Brotherhood failed three times to appear for duly noticed and ultimately court-ordered depositions. At the Show Cause Hearing held on August 10, 2007, Mr. McKinney made no effort to justify the refusal by him and The Brotherhood to submit to discovery.

Because the purpose of the discovery was to determine the interest of The Brotherhood and Mr. McKinney in this property, and both refused to cooperate, a sanction of adverse factual findings is appropriate. Furthermore, it also is appropriate for the Defendants to pay Plaintiff's attorney's fees and expenses for work done in connection with the failed discovery. Finally, because this Memorandum and Order specifically finds that The Brotherhood and Mr. McKinney do not have an interest in the property, they may not further oppose Plaintiff's claims or introduce any other evidence concerning their alleged interest in the designated properties.

## III.  <u>Sanctions</u>

### A. *Adverse Findings of Fact*

Super. Ct. Civ. R. 37(b)(2)(A) authorizes the imposition of "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." This Court warned Mr. McKinney that a failure to comply with discovery might result in adverse findings of fact. In light of the record of this case, as described above, the Court makes the following findings of fact in this case:

1.  The document entitled "This Deed" dated October 20, 2004 and recorded October 22, 2004 purportedly conveying the property from the deceased Lillian Archer to The Brotherhood is fraudulent and therefore void because:

    a.  Lillian Archer died in 1973 according to Administration No. 614-73 adjudicated in the U.S. District Court for the District of Columbia;

    b.  The conveyance would have taken place over thirty years after Lillian Archer's death;

    c.  Dead people cannot convey property;

2.  On August 3, 2005, Charles A. Ray, Esq., on behalf of The Brotherhood, filed Disclaimers of Interest in each of the tax lien cases for all of the subject properties; these Disclaimers are binding as to The Brotherhood;

3.  Because "This Deed" dated October 20, 2004 is void, The Brotherhood never had an interest in the subject properties (Lots 46 through 50 in Square 5663);

4.  Therefore, The Brotherhood could not properly convey the property it did not rightfully have to Duane McKinney;

5.  The document entitled "This Deed" dated February 24, 2005 and recorded January 22, 2007 purportedly conveying the subject properties from The Brotherhood to Duane McKinney is fraudulent and therefore void because:

   a.  See points 1, 2, and 3 supra.

   b.  Eighteen months after the purported conveyance of property from the Brotherhood to him, Mr. McKinney, referring to himself in the third person, stated at the October 20, 2006 Status Hearing: "**Mr. McKinney has no interest in the property**. The Brotherhood of Men have the interest . . . ;"[15]

   c.  It was not until January 19, 2007, when the Court was about to enter a default against The Brotherhood, that Mr. McKinney suddenly claimed that it was not The Brotherhood but he who had an interest in the property.

Because the documents are determined as a matter of fact to be fraudulent and void, this Court will strike them from this litigation. Furthermore, because they are stricken, it is an appropriate sanction to bar both Mr. McKinney and The Brotherhood from any further attempts to redeem this property.

### B. Attorney's Fees and Costs

Super. Ct. Civ. R. 37(a)(4) requires the Court to award reasonable fees and costs associated with the Motion to Compel (with exceptions that do not apply to this case). Super. Ct. Civ. R. 37(b)(2) further authorizes this Court to "require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." In these

---

[15] See Courtsmart Record of Oct. 20, 2006 at 10:46 a.m. in Courtroom 100 (double emphasis added).

cases, Mr. McKinney and the Brotherhood failed to obey this Court's Order dated May 18, 2007 requiring them to appear at the taking of the depositions.

### 1. Costs

This Court finds Mr. Wise's expenses as a result of The Brotherhood's and Mr. McKinney's failure to comply with discovery and disregard for this Court's Order compelling participation in discovery are reasonable. It is significant that no opposition to the Motion for Sanctions was filed with the Court. Therefore, this Court will award the total amount of expenses claimed: $1,271.00, rounded to the nearest dollar. One-half to be assessed to each party, or $635.50 each to Mr. McKinney and The Brotherhood.

### 2. Attorney's Fees

Mr. Wise obtained his Juris Doctor from a reputable law school: the School of Law at U.C.L.A. Mr. Wise is a very experienced District of Columbia tax foreclosure lawyer. He has practiced law for nearly 40 years. He is a shareholder in his law firm. Mr. Wise was involved in the prosecution of numerous tax foreclosures under both the old statute and the new statute. Mr. Wise has been a member of the D.C. Bar since 1970. Mr. Wise is also active in several organizations.

This case has not been a straightforward, run-of-the-mill tax lien case. It has taken extensive time and labor, has involved complex questions, and is considerably "undesirable" from the perspective of Loan Services as opposed to general tax foreclosures.[16]   The preparation of the Motion to Compel and Motion for Sanctions and the preparation for, and attempts at taking, Mr. McKinney's and The Brotherhood's depositions was time consuming. Mr. Wise is an experienced attorney who practices regularly on the tax lien calendar. His

---

[16] See Frazier v. Franklin Inv. Co., 468 A.2d 1338, 1341 n.2 (D.C. 1983).

27

request for $345 per hour is reasonable under the circumstances of this time consuming and frustrating case.

One of the time amounts, however, is not reasonable and will be reduced. Specifically, Mr. Wise claims 0.6 hours for a telephone call for Duane McKinney and The Brotherhood on March 22, 2007 regarding their failure to appear for their depositions. Mr. Wise has indicated that he simply left a message. The Court doubts Mr. Wise's deliberations about what to say and the message itself took 36 minutes. If it did, it was unreasonable. However, this Court does find the remaining time allotments justified under the circumstances presented in this case. Therefore, this Court will award the Plaintiff a total of $7,037.50, $3,518.75 each to Mr. McKinney and The Brotherhood, which includes a reduction of the 36-minute telephone call (0.6 hours) to 6 minutes (0.1 hours).

## IV.    Conclusion

Both Mr. McKinney and The Brotherhood have utterly refused to comply with discovery in this case, despite numerous chances to cooperate. This Court warned Mr. McKinney individually and as President of The Brotherhood that a failure to comply with duly noticed depositions could result in adverse findings. Because of the failures, this Court finds it entirely appropriate to grant Plaintiff's Motion for Sanctions.[17]

Wherefore, it is this 15th day of August 2007, hereby

**ORDERED** that Plaintiff's Motion for Sanctions Against Defendants Duane McKinney and The Brotherhood of Men, Inc. is **GRANTED**; and it is further

**ORDERED** that the document entitled "This Deed" dated October 20, 2004 and recorded October 22, 2004 purportedly conveying the property from the deceased Lillian

---

[17] Failure to comply with this Court's award of attorney's fees and costs could lead to contempt of court proceedings against Mr. McKinney.

Archer to The Brotherhood of Men, Inc. is fraudulent and hereby declared **NULL** and **VOID;** and it is further

      **ORDERED** that the document entitled "This Deed" dated February 24, 2005 and recorded January 22, 2007 purportedly conveying the subject properties from The Brotherhood of Men, Inc. to Duane McKinney is fraudulent and hereby declared **NULL** and **VOID;** and it is further

      **ORDERED** that Duane McKinney and The Brotherhood of Men, Inc. are barred from any further attempts to redeem the property that is the subject of the five tax cases, which includes Lots 46, 47, 48, 49, and 50 in Square 5663, located on the south side of Pennsylvania Ave. in Southeast Washington, D.C.; and it is further

      **ORDERED** that reasonable attorneys fees and costs incurred because of the failure to cooperate in discovery by Duane McKinney and The Brotherhood are hereby awarded to the Plaintiff; and it is further

      **ORDERED** that Duane McKinney shall reimburse the Plaintiff $3,518.75 in attorney's fees and $635.50 in costs within sixty days of the entry of this Order; and it is further

      **ORDERED** that The Brotherhood of Men, Inc. shall reimburse the Plaintiff $3,518.75 in attorney's fees and $635.50 in costs within sixty days of the entry of this Order.

*Joan Zeldon*

———————————————————
Judge Joan Zeldon
(Signed in Chambers)

Copies to:

Richard G. Wise, Esq.
Counsel for Plaintiff
(electronically through CaseFileXpress)

Joseph F. Ferguson, Jr., Esq.
Counsel for Defendant
District of Columbia
(electronically through CaseFileXpress)

The Brotherhood of Men, Inc.
1610 R St., S.E. #3
Washington, D.C. 20019

Duane McKinney
1610 R St., S.E. #3
Washington, D.C. 20019

Shirley D. Brock
168 Bryant Street, N.W.
Washington, D.C. 20001

Maria Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Chester Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Herbert J. Hammond
9008 Ivanhoe Road
Fort Washington, MD 20744

# Exhibit  D

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Loan Services LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Consolidated Cases: |
| | ) | |
| v. | ) | Civil Action Nos. 05-3894 L(RP); |
| | ) | 05-3895 L(RP); 05-5681 L(RP); 05- |
| | ) | 5683 L(RP); 05-5684 L(RP); 06- |
| | ) | 5387 R(RP). |
| | ) | |
| Zelda Dorsey, et al., | ) | Judge Joan Zeldon |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND SUMMARY JUDGMENT

This Court has before it Plaintiff's Motions for Entry of Default, for Default

Judgment, and for Summary Judgment as to All Defendants as to All Claims Made in the

Second Amended Complaint and Duane McKinney's Oppositions.[1] For the following

reasons, Plaintiff's Motion is **GRANTED**.

Plaintiff—the purchaser of tax sale certificates on parcels of property known as

Lots 46, 47, 48, 49, and 50 in Square 5663, located on the south side of Pennsylvania

Avenue in Southeast, Washington, D.C.—filed these actions to foreclose the rights of

redemption on the property. Plaintiff also filed an action to quiet title to the property

after two curious documents appeared in the chain of title conveying all five parcels of

property from the record owner, Lillian Archer, to The Brotherhood of Men, Inc. over 30

---

[1] Originally, Plaintiff filed identical motions in each of the five tax lien cases and in the quiet title case. At a Status Hearing on August 10, 2007, this Court granted Plaintiff's Motion to Consolidate these six cases. However, because each Motion filed in each case relates to an individual Lot, all six Motions are considered here.

EXHIBIT
D
tabbies

years after she died, and from The Brotherhood of Men, Inc. to Duane McKinney, the entity's president.[2]

The record definitively establishes that Plaintiff has complied with the statutory requirements of Title 47, Chapter 13A of the D.C. Code and the Court rules, and has been duly diligent in attempting to locate and join record and legal owners, and other persons with interests in the property, who have not redeemed the property.

Wherefore, it is this 20th day of August 2007, hereby

**ORDERED** that Plaintiff's Motions for Entry of Default, for Default Judgment, and for Summary Judgment as to All Defendants as to All Claims Made in the Second Amended Complaint are **GRANTED**; and it is further

**ORDERED** that Defendant Duane McKinney's Oppositions to Plaintiff's Motions are **STRICKEN** based on this Court's August 15, 2007 Order barring Duane McKinney from further participation in these cases; and it is further

**ORDERED** that the Mayor of the District of Columbia is directed to issue to the Plaintiff, upon request, a statement detailing the amounts required for the Plaintiff to receive deeds under D.C. Code § 47-1382, provided that any surplus paid for the real properties by the Plaintiff be applied against all other taxes, interest thereon, and expenses owing on the real property, in accordance with D.C. Code § 47-1382(g); and it is further

---

[2] On August 15, 2007, this Court entered an Order Granting Plaintiff's unopposed Motion for Sanctions Against Duane McKinney and the Brotherhood of Men, Inc. for failing to cooperate in discovery. Among the sanctions ordered were (1) a ruling that the documents purportedly conveying the property to The Brotherhood of Men, Inc. and Duane McKinney were fraudulent and void; (2) a ruling that neither Mr. McKinney nor The Brotherhood of Men, Inc. may participate in the litigation; and (3) a ruling that neither Mr. McKinney nor The Brotherhood of Men, Inc. may proffer any evidence in these cases. Although Mr. McKinney originally filed Oppositions in each of the six cases to the Plaintiff's dispositive Motion, in light of this Court's August 15, 2007 Order, those Oppositions will be stricken by Court Order deciding the Motions at issue here.

**ORDERED** that the Mayor of the District of Columbia is hereby directed to execute and deliver deeds to Plaintiff, in fee simple, upon Plaintiff's payment to the Mayor of the amounts required under D.C. Code § 47-1382(c) and Plaintiff's presentment to the Mayor of a certified copy of this Order. The deed shall be subject to: (a) a lien filed by the taxing agency under D.C. Code § 47-1340(c); (b) the tenancy of a residential tenant, other than a tenant described in D.C. Code § 47-1371(b)(1)(C) and (D); and (c) easements of record and any other easement that may be observed by inspection of the property; and it is further

**ORDERED** that, once issued, the deeds shall vest in Plaintiff fee simple title to the property, free and clear from all claims, estate, or rights of the Defendants; and it is further

**ORDERED** that this constitutes a final Order in this case.

_Joan Zeldon_

_____
Judge Joan Zeldon
(Signed in Chambers)

Copies to:

Richard G. Wise, Esq.
Counsel for Plaintiff
(electronically through CaseFileXpress)

Joseph F. Ferguson, Jr., Esq.
Counsel for Defendant
District of Columbia
(electronically through CaseFileXpress)

The Brotherhood of Men, Inc.
1610 R St., S.E. #3
Washington, D.C. 20019

Duane McKinney
1610 R St., S.E. #3
Washington, D.C. 20019

Shirley D. Brock
168 Bryant Street, N.W.
Washington, D.C. 20001

Maria Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Chester Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Herbert J. Hammond
9008 Ivanhoe Road
Fort Washington, MD 20744

# Exhibit  E

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| Loan Services LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Consolidated Cases: |
| | ) | |
| v. | ) | Civil Action Nos. 05-3894 L(RP); |
| | ) | 05-3895 L(RP); 05-5681 L(RP); 05- |
| | ) | 5683 L(RP); 05-5684 L(RP); 06- |
| | ) | 5387 R(RP). |
| | ) | |
| Zelda Dorsey, et al., | ) | Judge Joan Zeldon |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

Plaintiff, the purchaser of tax sale certificates on parcels of property known for tax assessment purposes as Lots 46, 47, 48, 49, and 50 in Square 5663, located on the south side of Pennsylvania Avenue in Southeast, Washington, D.C., filed these actions to foreclose the rights of redemption to the subject parcels. This Court granted the Plaintiff's Motions for Entry of Default, for Default Judgment, and for Summary Judgment as to All Defendants as to All Claims Made in the Second Amended Complaint. Accordingly, the rights, title, claims, liens, or interests of the Defendants named in these matters, subject to the exceptions noted in Chapter 13A of Title 47 of the D.C. Code, are hereby extinguished. Plaintiff is vested with title in fee simple, subject to the requirements of D.C. Code § 47-1382. The Mayor of the District of Columbia is directed to execute and deliver deeds to the Plaintiff in accordance with D.C. Code § 47-1382.

*Continued on Next Page*



It is so **ORDERED**, this 20th day of August 2007.

_Joan Zeldon_

Judge Joan Zeldon
(Signed in Chambers)

Copies to:

Richard G. Wise, Esq.
Counsel for Plaintiff
(electronically through CaseFileXpress)

Joseph F. Ferguson, Jr., Esq.
Counsel for Defendant
District of Columbia
(electronically through CaseFileXpress)

The Brotherhood of Men, Inc.
1610 R St., S.E. #3
Washington, D.C. 20019

Duane McKinney
1610 R St., S.E. #3
Washington, D.C. 20019

Shirley D. Brock
168 Bryant Street, N.W.
Washington, D.C. 20001

Maria Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Chester Slaughter
12207 Windbrook Dr.
Clinton, MD 20735

Herbert J. Hammond
9008 Ivanhoe Road
Fort Washington, MD 20744

# Exhibit  F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE MCKINNEY,                          :

    Plaintiff,                         :

                           :    Civil Action No. 1:07-CV-01677
        v.                              :    Judge Reggie B. Walton

LOAN SERVICES LLC et al.,                :

    Defendants.                        :

### AFFIDAVIT OF RICHARD G. WISE

DISTRICT OF COLUMBIA, ss:

    Richard G. Wise, being first duly sworn under oath, deposes and gives the following testimony based upon his personal knowledge:

    1.    I am an attorney admitted before the Bar of this Court and employed by the District of Columbia law firm Greenstein DeLorme & Luchs, P.C. ("GDL") which is representing me in this action.

    2.    GDL represented Loan Services LLC as plaintiff in six suits (the "Six Suits") filed in the Superior Court of the District of Columbia in which Duane McKinney came to be a defendant. The Six Suits involved five properties purchased at tax sale in the District of Columbia by Loan Services LLC: 2005 CA 003894 L(RP)(Lot 49, Square 5663), 2005 CA 003895 L(RP)(Lot 50, Square 5663), 2005 CA 005681 L(RP)(Lot 47, Square 5663), 2005 CA 005683 L(RP)(Lot 46, Square 5663),  2005 CA 005684 L(RP)(Lot 48, Square 5663) and 2006 CA 005387 RP (quiet title as to Lots 46-50, Square 5663 [collectively, the "Properties"]).

    3.    The Six Suits came to be assigned to The Honorable Joan Zeldon of the Superior Court of the District of Columbia and came to be consolidated by Judge Zeldon. I served as lead counsel with GDL in representing Loan Services LLC in the Six Suits.

LAW OFFICES

GREENSTEIN DELORME & LUCHS, P.C.

1620 L STREET, N.W.

SUITE 900

WASHINGTON, D.C. 20036-5605

AREA CODE 202-452-1400

# Exhibit F

4.    During the course of the Six Suits, Duane McKinney, as a defendant, made claims in two Counterclaims and made claims in oral representations to Judge Zeldon (the "McKinney Claims"). The claims made by Mr. McKinney in the two Counterclaims are quoted verbatim in the Orders of Judge Zeldon granting the motions of Loan Services LLC to dismiss those Counterclaims, which Orders are referred to further below.

5.    The McKinney Claims included claims of defamation and of irregularity in the handling of the Six Cases and as to Mr. McKinney's claims of having a right to redeem the Properties from the tax sale.

6.    In addition to Loan Services LLC as plaintiff and Mr. McKinney as one of the defendants in the Superior Court cases, other defendants in those six cases included The Brotherhood of Men, Inc. ("The Brotherhood"), which is an organization with which Mr. McKinney is affiliated, the District of Columbia (required by statute to be a defendant) and various persons who might claim an interest in the properties by being descendants, heirs, devisees or personal representative of persons known to be record owners of the Properties before the involvement of Mr. McKinney and The Brotherhood with the Properties.

7.    As the part of the District of Columbia Government dealing with real property taxes, the D.C. Office of Tax and Revenue ("OTR") was involved in the Six Cases.

8.    The address used by Mr. McKinney for the IRS in the above-captioned case is the address of OTR.

9.    Attached as exhibits to my motion for summary judgment are true copies of the following papers:

a)    Order of Judge Zeldon in 2005 CA 005684 L(RP) granting the unopposed motion of Loan Services LLC to dismiss the counterclaim filed by Duane McKinney (the "First Counterclaim") (Exhibit A), in which Judge Zeldon has quoted verbatim the

-2-

allegations made by Mr. McKinney in the First Counterclaim;

        b)     The Order of Judge Zeldon in 2005 CA 005684 L(RP) granting the unopposed motion of Loan Services LLC to dismiss the Second Counterclaim filed by Duane McKinney (Exhibit B), in which Judge Zeldon has again quoted verbatim the allegations made by Mr. McKinney in the Second Counterclaim;

        c)     The Memorandum and Order of Judge Zeldon in the consolidated cases granting the motion of Loan Services LLC for sanctions against defendants Mr. McKinney and The Brotherhood (Exhibit C);

        d)     The Order of Judge Zeldon in the consolidated cases granting the motions of Loan Services LLC for default, default judgment and summary judgment (Exhibit D); and

        e)     The Judgment entered by Judge Zeldon in the consolidated cases in favor of Loan Services LLC (Exhibit E).

        10.     I am not aware of any notice of appeal having been filed by Mr. McKinney or anyone else with the District of Columbia Court of Appeals as to any of the orders or the entry of judgment listed in paragraph 9 above.

                                  _____
                                    Richard G. Wise

Subscribed and sworn to before me on this 4th day of December, 2007.

                                  _____
                                  Notary Public, D.C.

My Commission Expires: **BARBARA G. BATTE**
**A NOTARY PUBLIC OF DISTRICT OF COLUMBIA**
**MY COMMISSION EXPIRES JULY 14, 2012**

326287v1

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

DUANE MCKINNEY,                          :
                                         :
    Plaintiff,                         :
                                         :
            v.                  :   Civil Action No. 1:07-CV-01677
                                         :   Judge Reggie B. Walton
LOAN SERVICES LLC et al.,                :
                                         :
    Defendants.                        :

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

      Defendant Richard G. Wise moves this Court for summary judgment in the above-captioned action.  In support of his motion, Mr. Wise states the following:

Factual Background

      1.     Mr. Wise is an attorney admitted before the Bar of this Court and employed by the District of Columbia law firm Greenstein DeLorme & Luchs, P.C. ("GDL") which is representing him in this action.  The factual matters which serve as the basis for this motion are set out in Exhibits A through F, with Exhibit F being the Affidavit of Mr. Wise which, among other things, authenticates the remaining Exhibits A through E.

      2.     GDL represented Loan Services LLC as plaintiff in six suits filed in the Superior Court of the District of Columbia in which Duane McKinney came to be a defendant.  These six suits involved five properties purchased at tax sale in the District of Columbia by Loan Services LLC: 2005 CA 003894 L(RP)(Lot 49, Square 5663), 2005 CA 003895 L(RP)(Lot 50, Square 5663), 2005 CA 005681 L(RP)(Lot 47, Square 5663), 2005 CA 005683 L(RP)(Lot 46, Square 5663),  2005 CA 005684 L(RP)(Lot 48, Square 5663) and 2006 CA 005387 RP (quiet title as to Lots 46-50, Square 5663).  All six of these Superior Court cases came to be assigned to The Honorable Joan Zeldon of that Court and they came to be consolidated by Judge Zeldon.

Mr. Wise served as lead counsel with GDL in representing Loan Services LLC in those cases. Loan Services LLC is now a co-defendant in the above-captioned case, along with Mr. Wise; however, neither GDL nor Mr. Wise represents Loan Services LLC in this new action.

3.    During the course of the Superior Court cases, Mr. McKinney, as a defendant, made the same claims which he is now making as a plaintiff in the Complaint and the "(Amend) Complaint" filed before this Court.

4.    In addition to Loan Services LLC as plaintiff and Mr. McKinney as one of the defendants in the Superior Court cases, other defendants in those six cases included The Brotherhood of Men, Inc. ("The Brotherhood"), which is an organization with which Mr. McKinney is affiliated, the District of Columbia (required by statute to be a defendant) and various persons who might claim an interest in the properties by being descendants, heirs, devisees or personal representative of persons known to be record owners of the properties before the involvement of Mr. McKinney and The Brotherhood with the properties.  As the part of the District of Columbia Government dealing with real property taxes, the D.C. Office of Tax and Revenue ("OTR") was involved in the cases.

5.    The defendants in the case pending before this Court include Loan Services LLC, the District of Columbia, the Internal Revenue Services (sic) and Mr. Wise.  The address used by Mr. McKinney for the IRS in this case is the address of OTR, so it appears that he may have intended to name OTR as a defendant, if it was *sui juris*.

6.    Although a copy of the "(Amend) Complaint" was mailed to Mr. Wise by Mr. McKinney, Mr. Wise has not otherwise been served with a Summons and Complaint in the case.

7.    During the course of the Superior Court cases, Mr. McKinney filed two counterclaims and made oral representations to Judge Zeldon in opposition to the claims of

Loan Services LLC. The claims made by Mr. McKinney during these cases included the same claims of defamation and of irregularity in the handling of the cases which he makes before this Court. All of those claims were rejected by Judge Zeldon in the Superior Court cases. All of Mr. McKinney's claims before this Court are therefore barred both by the Rooker-Feldman doctrine and by issue or claim preclusion in this case.

8.    Attached to the present motion are the following exhibits which prove the identity of the claims made by Mr. McKinney in the Superior Court cases to those being made to this Court:

a)    Order of Judge Zeldon in 2005 CA 005684 L(RP) granting the unopposed motion of Loan Services LLC to dismiss the counterclaim filed by Duane McKinney (the "First Counterclaim") (Exhibit A), in which Judge Zeldon has quoted verbatim the allegations made by Mr. McKinney in the First Counterclaim;

b)    The Order of Judge Zeldon in 2005 CA 005684 L(RP) granting the unopposed motion of Loan Services LLC to dismiss the Second Counterclaim filed by Duane McKinney (Exhibit B), in which Judge Zeldon has again quoted verbatim the allegations made by Mr. McKinney in the Second Counterclaim;

c)    The Memorandum and Order of Judge Zeldon in the consolidated cases granting the motion of Loan Services LLC for sanctions against defendants Mr. McKinney and The Brotherhood (Exhibit C);

d)    The Order of Judge Zeldon in the consolidated cases granting the motions of Loan Services LLC for default, default judgment and summary judgment (Exhibit D); and

e)    The Judgment entered by Judge Zeldon in the consolidated cases in favor of Loan Services LLC (Exhibit E).

9.    The orders listed in paragraph 8 above are now final orders of the Superior Court. No notice of appeal has been filed.

10.    On information and belief, the involvement of Mr. McKinney and The Brotherhood with the five properties which were the subject of the six Superior Court cases referred to above is part of the subject of criminal proceedings pending before this Court in United States of America v. Duane McKinney, Case No. 1:07-cr-00113 (RBW).

Argument

1. There is a Presumption of Regularity as to the Superior Court Proceedings

11.    There is a presumption of regularity as to the entry of judgments. Higginson v. Schoeneman, 190 F.2d 32, 33, 89 U.S. App. D.C. 126 (1951)("a final judgment of a court of competent jurisdiction, of the parties and the subject matter, is not subject to such a collateral attack."). In his complaint filings before this Court, Mr. McKinney has not alleged that the Superior Court lacked jurisdiction over the parties or the subject matter, nor has he alleged that the judgment entered is not final.

2. The Rooker-Feldman Doctrine Bars Plaintiff's Claims

12.    The Rooker-Feldman doctrine arises from Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 68 L.Ed. 362, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L.Ed. 2d 206, 103 S.Ct. 1303 (1983); and 28 U.S.C. § 1257, which channels directly to the Supreme Court of the United States all federal review of judicial decisions of state and District of Columbia courts of last resort. Under the doctrine, the inferior federal courts lack jurisdiction over such decisions. Thus, the Supreme Court's jurisdiction is exclusive.

13.    Here, there was no decision of the District of Columbia Court of Appeals because neither Mr. McKinney nor anyone else filed an appeal from the rulings of Judge Zeldon

-4-

of the Superior Court.  However, even if there had been an appeal, Mr. McKinney could not

pursue a further appeal by collaterally attacking Judge Zeldon's rulings by filing a new

Complaint in this Court.  The <u>Rooker-Feldman</u> doctrine bars such a challenge.

### 3.  <u>Plaintiff's Claims Are Barred by Claim or Issue Preclusion</u>

14.    The principle of claim preclusion is applicable here and it bars Mr. McKinney's

present claims before this Court.  <u>Stanton v. District of Columbia Court of Appeals</u>, 127 F.3d

72, 78, 326 U.S. App. D.C. 404, rehearing denied (1997)("the general principal of claim

preclusion is that a final, valid judgment on the merits precludes any further litigation between

the same parties on the same cause of action").  A valid judgment was rendered on the merits of

Mr. McKinney's claims at the Superior Court, so he is barred from litigating those claims again

before this Court.

15.    The principle of claim preclusion bars the claims of Mr. McKinney both as to

Mr. Wise, as a defendant before this Court and as to the remaining defendants who were parties

in the six suits before the Superior Court.  <u>Tutt v. Doby</u>, 459 F.2d 1195, 1197, 148 U.S. App.

D.C. 171 (1972)(the doctrine of "res judicata" operates as "an absolute bar to relitigation of the

same cause of action between parties or their privies.").  Inasmuch as Mr. Wise, as counsel for

Loan Services LLC before the Superior Court, was in privy with his client before that Court,

Mr. McKinney is barred from relitigating his same claims against Mr. Wise in this Court which

he already litigated in the Superior Court.

16.    The Honorable Ricardo Urbina of this Court summarized the law on this issue in

the case of <u>Taylor v. Blakey</u>, 2005 U.S. Dist. LEXIS 40594 (D.D.C. 2005), at page 14:

> As indicated above, to establish claim preclusion, the defendant must
> demonstrate "an identity of parties in both suits." *Paley*, 20 F. Supp. 2d at 87.
> Courts have used the term "privity" to encapsulate the relationship that must
> exist between the parties. *E.g., Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct.
> 411, 66 L. Ed. 2d 308 (1980). As the D.C. Circuit has explained, "[the term
> privity'] designates a person so identified in interest with a party to former

litigation that he represents precisely the same legal right in respect to the subject matter involved." *Jefferson School of Social Science v. Subversive Activities Control Bd.*, 118 U.S. App. D.C. 2, 331 F.2d 76, 83 (D.C. Cir. 1963). The court can consider a variety of non-parties to a prior action to be privies of a party **t**o the prior action: "(1) a nonparty who controls the original action; (2) a successor-in-interest to a prior party**;** and (3) a nonparty whose interests were adequately represented by a party to the original action." *Tyus v. Schoemehl*, 93 F.3d 449, 454 (8th Cir. 1996).

Mr. Wise is clearly a non party to the prior litigation who was so identified with the party to that prior litigation, Loan Services LLC, that he represents precisely the same legal right in respect to the subject matter which was involved. Accordingly, Mr. McKinney's claims in this Court against Mr. Wise are barred just as they are barred against Mr. Wise's client Loan Services LLC in the Superior Court.

<u>Conclusion</u>

Mr. McKinney's claims before this Court are barred because (i) there is a presumption of regularity as to proceedings before the Superior Court, (ii) the <u>Rooker-Feldman</u> doctrine bars the claims and (iii) the claims are barred under claim or issue preclusion. Further, since there are no genuine issues of material fact and the defendant Mr. Wise is entitled to judgment as a matter of law, Mr. Wise respectfully requests that this Court grant his motion for summary judgment.

GREENSTEIN DELORME & LUCHS, PC

*Richard G. Wise*

Dated: December 21, 2007

Richard W. Luchs #243931
Richard G. Wise  #134957
1620 L Street, N.W., Suite 900
Washington, District Of Columbia 20036-5605
Telephone:  (202) 452-1400
Facsimile: (202) 452-1410
Email: rwl@gdllaw.com

Attorneys for Defendant Richard G. Wise

326285v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

DUANE MCKINNEY,                           :
                                          :
        Plaintiff,                        :
                                          :
            v.                            :   Civil Action No. 1:07-CV-01677
                                          :   Judge Reggie B. Walton
LOAN SERVICES LLC et al.,                 :
                                          :
        Defendants.                       :

---

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Defendant Richard G. Wise, by his counsel, pursuant to Rule 56, Fed. R. Civ. Pro., and LCvR 7(h), provides his statement of material facts as to which there is no genuine dispute in support of his motion for summary judgment:

1.      Defendant Richard G. Wise is an attorney admitted before the Bar of this Court and employed by the District of Columbia law firm Greenstein DeLorme & Luchs, P.C. ("GDL") which is representing him in this action.  (Exhibit F)

2.      GDL represented Loan Services LLC as plaintiff in six suits (the "Six Suits") filed in the Superior Court of the District of Columbia in which Duane McKinney came to be a defendant.  (Exhibit F)

3.      The Six Suits involved five properties purchased at tax sale in the District of Columbia by Loan Services LLC: 2005 CA 003894 L(RP)(Lot 49, Square 5663), 2005 CA 003895 L(RP)(Lot 50, Square 5663), 2005 CA 005681 L(RP)(Lot 47, Square 5663), 2005 CA 005683 L(RP)(Lot 46, Square 5663),  2005 CA 005684 L(RP)(Lot 48, Square 5663) and 2006 CA 005387 RP (quiet title as to Lots 46-50, Square 5663) [collectively, the "Properties"]). (Exhibit F)

4.      The Six Suits came to be assigned to The Honorable Joan Zeldon of the

Superior Court of the District of Columbia.  (Exhibit F)

5.      The Six Suits came to be consolidated by Judge Zeldon.  (Exhibit F)

6.      Mr. Wise served as lead counsel with GDL in representing Loan Services LLC in the Six Suits.  (Exhibit F).

7.      During the course of the Six Suits, Duane McKinney, as a defendant, made claims in two Counterclaims and in oral representations to Judge Zeldon (the "McKinney Claims").  (Exhibits A, B and F)

8.      The McKinney Claims included claims of defamation and of irregularity in the handling of the Six Cases and as to Mr. McKinney's claims of having a right to redeem the Properties from the tax sale.  (Exhibits A, B, C, D and F)

9.       In addition to Loan Services LLC as plaintiff and Mr. McKinney as one of the defendants in the Superior Court cases, other defendants in those six cases included The Brotherhood of Men, Inc. ("The Brotherhood"), which is an organization with which Mr. McKinney is affiliated, the District of Columbia (required by statute to be a defendant) and various persons who might claim an interest in the Properties by being descendants, heirs, devisees or personal representative of persons known to be record owners of the Properties before the involvement of Mr. McKinney and The Brotherhood with the Properties.  (Exhibit F)

10.      As the part of the District of Columbia Government dealing with real property taxes, the D.C. Office of Tax and Revenue ("OTR") was involved in the Six Cases. (Exhibits C, D and F)

11.      The address used by Mr. McKinney for the IRS in the above-captioned case is the address of OTR.  (Exhibit F)

12.      During the course of the Six Cases, Mr. McKinney filed two counterclaims and made oral representations to Judge Zeldon in opposition to the claims of

Loan Services LLC.  (Exhibits A, B, C, E and F)

13.    No appeal has been filed from orders entered by Judge Zeldon in the Six

Cases.  (Exhibit F)

14.    The orders entered by Judge Zeldon in the Six Cases are final orders.

(Factual inference from Statement #13 above)

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, PC

Dated:  December 21, 2007

Richard W. Luchs #243931
Richard G. Wise  #134957
1620 L Street, N.W., Suite 900
Washington, District Of Columbia 20036-5605
Telephone:  (202) 452-1400
Facsimile: (202) 452-1410
Email: rwl@gdllaw.com

Attorneys for Defendant Richard G. Wise

326286v1

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE MCKINNEY,                                          :
                                                        :
            Plaintiff,                                  :
                                                        :
                                                        :    Civil Action No. 1:07-CV-01677
                    v.                                  :    Judge Reggie B. Walton
                                                        :
LOAN SERVICES LLC et al.,                               :
                                                        :
            Defendants.                                 :

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Upon consideration of the motion filed by defendant Richard G. Wise for summary

judgment, together with Exhibits A through F, the memorandum of points and authorities in

support, the statement of material facts as to which there is no genuine dispute and the record

herein, and it appearing to this Court that there is no genuine issue as to any material fact and

that defendant Mr. Wise is entitled to judgment as a matter of law, it is, by this Court, as of this

___ day of _____, 2007,

ORDERED:    That Mr. Wise's motion for summary judgment be, and the same hereby

is, granted; and it is

FURTHER ORDERED:    That judgment be, and the same hereby is, entered in favor

of Mr. Wise and against the plaintiff Duane McKinney; and it is

FURTHER ORDERED:    That the Complaint and (Amend) Complaint in the above-

captioned action be, and the same hereby is, dismissed with prejudice as to the defendant

Mr. Wise.

_____
Reggie B. Walton
United States District Judge

Copies to be provided to:

Richard W. Luchs, Esq.
Richard G. Wise, Esq.
Greenstein DeLorme & Luchs, P.C.
(electronically thru CB/ECF)

Joseph F. Ferguson, Jr., Esq.
Assistant Attorney General, D.C.
(electronically thru CM/ECF)

Duane McKinney
1035 10th St., N.E., Unit 1
Washington, D.C. 20002
(by mail)

Loan Services LLC
12154 Darnestown Road #526
Gaithersburg, MD  20878
(by mail)

326288v1