IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE McKINNEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:07-cv-1677 RBW |
| | ) |
| LOAN SERVICES LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**MOTION TO DISMISS INTERNAL REVENUE SERVICE**

Defendant, the Internal Revenue Service, moves this Court to dismiss the Internal Revenue Service as a party to this suit, pursuant to FED R. CIV. P. 12(b). Specifically, the Court lacks jurisdiction over the defendant Internal Revenue Service; the Court lacks jurisdiction over plaintiff's claims against the Internal Revenue Service; and the complaint fails to state a claim against the Internal Revenue Service upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE:  January 16, 2008.

                                              Respectfully submitted,

                                              /s/ Duston K. Barton
                                              DUSTON K. BARTON
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Washington, DC 20044
                                              Tel/Fax: (202)514-9961/514-6866
                                              Email: duston.barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing MOTION TO DISMISS INTERNAL REVENUE SERVICE with accompanying MEMORANDUM and proposed ORDER has been made this 16th day of January, 2008, by filing the documents according to the Court's ECF procedures and by mailing copies of the documents, postage prepaid, addressed to:

> Duane McKinney
> 1035 10th Street NE Unit 1
> Washington, DC 20002
>
> Loan Services LLC
> 1620 L St. NW #900
> Washington, DC 20036
>
> District of Columbia
> Assistant Attorney General
> 441 4th St. NW
> Washington, DC 20001

>> /s/ Duston K. Barton
>> DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE McKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:07-cv-1677 RBW |
| | ) |
| LOAN SERVICES LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS INTERNAL REVENUE SERVICE**

Defendant, the Internal Revenue Service, moves this Court to dismiss the Internal Revenue Service as a party to this suit. The Court lacks jurisdiction over the defendant Internal Revenue Service; the Court lacks jurisdiction over plaintiff's claims against the Internal Revenue Service; and the complaint fails to state a claim against the Internal Revenue Service upon which relief can be granted.

STATEMENT

Plaintiff, Duane McKinney, has been indicted on 13 counts of fraud, theft, forged securities, and conspiracy and is currently awaiting trial. (Indictment [1:07-cr-113-01-RBW].) Plaintiff is charged with fraudulently conveying deeds to real property to himself or to an organization he controlled called Brotherhood of Men, Inc., and then selling these properties to unsuspecting buyers. (*Id.*)

Following his indictment and arrest, plaintiff continued to be involved with the properties he had fraudulently obtained title to. (Order July 12, 2007 [1:07-cr-113-01-

2987426.2

RBW].)  Accordingly, this Court issued an order that "with regard to the following properties, the defendant shall have *no involvement in any matter* . . . relating to the properties other than to defend lawsuits brought against him or his non-profit company relating to actions to quiet title." (*Id.* at ¶ 2.)(emphasis added.)  Such properties included "7 lots on Pennsylvania Avenue SE (lots 37, 38, 46 - 50, square 5663)." (*Id.*)  The order specifically prohibited defendant from "pursuing affirmative legal actions" with respect to these properties.  (*Id.* n. 1.)

More than two months after this order was issued, plaintiff filed a complaint asserting a right of redemption to lots 37, 48, 46-50, square 5663 located on Pennsylvania Avenue SE.  (Compl. Ex. 1 & 2.)  Plaintiff also sought damages in the amount of $3,500,000.  (Compl.)  After the United States filed a motion to dismiss plaintiff's complaint on the grounds that it violated the Court's anti-involvement order, the plaintiff filed an "(amend) complaint," identical to his original complaint, except for the addition of the word "amend" and a failure to attach the exhibits referenced in the complaint identifying the property for which plaintiff asserts a right of redemption.

## ARGUMENT

Defendant Internal Revenue Service should be dismissed from this suit because (1) the Internal Revenue Service is not a proper party to this suit; (2) the Court lacks subject-matter jurisdiction over plaintiff's claims against the Internal Revenue Service; and (3) the complaint fails to state a claim against the Internal Revenue Service upon which relief can be granted.

I. THE COURT LACKS JURISDICTION OVER DEFENDANT INTERNAL REVENUE SERVICE.

The Internal Revenue Service is not a proper party to this action because it cannot be sued *eo nomine*. "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language or impliedly because the agency is the offspring of such a suable entity." *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not authorized the Internal Revenue Service to be sued *eo nomine*. See *Murphy v. Internal Revenue Service*, 493 F.3d 170, 174 (D.C. Cir. 2007), *pet. for cert. filed*, 76 U.S.L.W. 3324 (U.S. Jan. 1, 2008) (No. 07-802); *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). The Internal Revenue Service should therefore be dismissed as a party from this suit.

II. THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 63 (D.D.C.2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F.Supp.2d 15, 19 (D.D.C.1998); *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 195 (D.D.C.2002). In a suit against the United States, a plaintiff must demonstrate that Congress has explicitly waived its immunity from suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The terms of the United States' consent to be sued define the Court's jurisdiction to entertain suit. *Id*. These terms of consent are the finite parameters of the Court's subject-matter jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Dalehite v. United States*, 346 U.S. 15 (1953).

Plaintiff's complaint must be dismissed because he does not even assert, let alone establish any grounds for jurisdiction. Fed R. Civ. P. 8(a)(1) requires that a pleading for a claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction." Fed R. Civ. P. 8(a)(1); *see also, Pesci v. Internal Revenue Service*, 67 F.Supp.2d 1189, 1194 (D. Nev. 1999), *aff'd*, 225 F.3d 663 (2000) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a)"). Nowhere in plaintiff's complaint does he assert grounds for jurisdiction for either his claim for a right of redemption, or for his claim of $3,500,000 in damages. As plaintiff has failed to demonstrate that the Court has jurisdiction over his claims, those claims must be dismissed. *Cf. Stock West, Inc., v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")

This result is mandated despite plaintiff's *pro se* status. Although pleadings filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court may not permit *pro se* litigants to disregard the Federal Rules of Civil Procedure. *See, e.g., United States v. Funds from Prudential Securities,* 362 F.Supp.2d 75, 82 (D.D.C. 2005). "Nor may a court entertain 'what[ever] claims a [*pro se* litigant] may or may not want to assert' without an adequate jurisdictional basis." *Briggs v. State Dep't Fed Credit Union*, 2006 WL 144009 at

\* 2 (D.D.C. 2006) (quoting *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987)). Accordingly, dismissal is proper.

   III. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even assuming plaintiff's allegations are true, he has not articulated a single legal theory that would entitle him to the relief sought against the Internal Revenue Service. *See* Fed R. Civ. P. 12(b)(6). Plaintiff claims that he was unable to "redeem" certain pieces of property acquired at a tax sale. Allegedly, Assistant Attorney General Joseph Ferguson, and Attorney General David Fisher prevented Ms. Phillips from "grant[ing] [plaintiff's] redemption without [Mr. Wise's legal] fees." (Am. Compl. at 3). It is implied in the complaint that Phillips is an Internal Revenue Service employee. (*Id.*) On the face of the complaint, however, neither Phillips nor the Internal Revenue Service is preventing the redemption. Thus, plaintiff has failed to state any claim against the Internal Revenue Service.

Moreover, plaintiff does not address how the Internal Revenue Service was at all involved in a tax sale conducted by the District of Columbia. The District of Columbia holds tax sales in order to collect past due property taxes. If property taxes remain unpaid for a certain amount of time, individuals are able to "buy" the tax sales certificates by paying the District of Columbia the amount of outstanding property taxes on the property. The holder of the tax sale certificate then brings suit to foreclose the right of redemption and to obtain the deed to the property. Holders of the deed can redeem their right to the property by paying the purchaser of the tax certificate the

amount paid in taxes, the costs of bringing suit, and interest. These tax sales involve state property taxes, not federal income taxes, and are conducted by the District of Columbia, not the Internal Revenue Service. There is nothing in the complaint to suggest how the Internal Revenue Service could possibly grant plaintiff's right of redemption, or be sued for damages for failing to do so.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitle to relief." Fed R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) ("Factual allegations must e enough to raise a right to relief above the speculative level.").

Plaintiff's complaint is woefully inadequate on these grounds. It does not contain sufficient factual allegations to give the Internal Revenue Service "fair notice" of the claim or to "raise the right to relief above the speculative." *Id.* For instance, the complaint fails to identify the property plaintiff is seeking to redeem. Such a fact is essential to give the defendants proper notice. Defendants cannot adequately defend an action seeking the right of redemption to unidentified property.[1] Additionally, as explained above, plaintiff's complaint fails to demonstrate how the Internal Revenue

---

[1] Inasmuch as plaintiff is seeking to redeem the property identified in his original complaint, his amended complaint should be dismissed as a violation of Judge Walton's order submitted in defendant's criminal case. (*See* Mot. To Dismiss Pl.'s Compl. [PACER # 8].)

Service could possibly grant plaintiff's right of redemption, or be sued for damages for failing to do so. The dearth of factual allegations sufficient to give fair notice of plaintiff's claims and the grounds upon which they rest requires the dismissal of the Internal Revenue Service as a party to this suit.

## CONCLUSION

For the aforementioned reasons, the defendant Internal Revenue Service should be dismissed as a party to the suit.

DATE: January 16, 2008.

> Respectfully submitted,
>
> /s/ Duston K. Barton
> DUSTON K. BARTON
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 227
> Washington, D.C. 20044
> Tel.: 202-514-9961
> Email: Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DUANE McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-1677 RBW |
| | ) | |
| LOAN SERVICES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **O R D E R**

Having considered defendant Internal Revenue Service's motion to dismiss Internal Revenue Service as a party to this suit, and plaintiff's opposition, if any, the Court:

ORDERS that defendant's motion be and is GRANTED, and

ORDERS that the Internal Revenue Service be and is DISMISSED as a defendant to this suit.


DATE: _____ , 2008          _____
                                         REGGIE B. WALTON
                                         United States District Judge

2991960.2