UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE MCKINNEY, | ) |
| | ) |
| Plaintiff, | )  C.A. No. 07-1677 (RBW) |
| | ) |
| v. | ) |
| | ) |
| LOAN SERVICES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Defendant District of Columbia, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), respectfully requests that the Court dismiss this matter against it. The District of Columbia joins in the dispositive Motions filed by Defendants Richard Wise and the Internal Revenue Service and additionally, as set forth more fully in the accompanying Memorandum of Points and Authorities, asserts that dismissal is appropriate as Plaintiff has failed to properly serve the District of Columbia and has failed to state a cognizable federal claim against the District of Columbia.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

           /s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DUANE MCKINNEY,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-1677 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| **LOAN SERVICES, LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Defendant District of Columbia (the "District"), by and through its undersigned counsel, respectfully requests that this Court dismiss this matter against it.

**I.        FACTUAL BACKROUND**

This matter appears to assert a claim for redemption of certain real property in the District of Columbia in which Plaintiff and/or a non-profit corporation known as "Brotherhood of Men, Inc." allegedly have an interest. *See generally* Amended Compl. Plaintiff apparently has sued the District because two Assistant Attorneys General, Joseph Ferguson and David Fisher, declined to grant him the redemption he now seeks in this Court and has sought previously in proceedings regarding these same parties and same properties in the Superior Court of the District of Columbia.

**II.       STANDARD OF REVIEW**

For many years, the standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). In the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), however, the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.* In reviewing Plaintiff's Complaint, it is clear that Plaintiff cannot pass the plausibility standard and his claims must be dismissed for failure to properly state a claim.

Pursuant to Fed. R. Civ. P. 12(b)(5), a party can request that the Court dismiss a complaint for insufficient service of process. *Johnson v. Ashcroft*, 2005 U.S. Dist. LEXIS 17961 (Aug. 17, 2005 D.D.C.). Once such a challenge is made, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of

the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Here, Plaintiff has failed to properly serve the District and thus his claim must be dismissed for lack of proper service.

### III.   ARGUMENT

#### A. This Entire Matter Should Be Dismissed Pursuant to the Arguments Set Forth In the Dispositive Motions Filed by Defendants Richard Wise and the Internal Revenue Service

On December 21, 2007, co-Defendant Richard Wise filed a Motion for Summary Judgment, arguing that this matter should be dismissed as (1) there is a presumption of regularity as to the Superior Court proceedings that form the basis of Plaintiff's Complaint here; (2) that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; and (3) that Plaintiff's claims are barred by claim or issue preclusion. These arguments are equally applicable to the District of Columbia as the District was also a party to the Superior Court proceedings, thus the District respectfully joins in the well-articulated arguments set forth by Mr. Wise in his dispositive motion.

On January 16, 2008, co-Defendant the Internal Revenue Service filed a Motion to Dismiss arguing, *inter alia* that the Court lacks jurisdiction over the Plaintiff's claims. This argument is also applicable to the District of Columbia and the District therefore joins in the motion filed by the Internal Revenue Service.

#### B. Plaintiff Has Failed to Properly Serve the District of Columbia

Rule 4(j)(2) governs the service of process upon, *inter alia*, municipal corporations such as the District of Columbia. Specifically, the rule provides that a "municipal corporation . . . that is subject to suit must be served by (A) delivering a copy

of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Superior Court Civil Rules provide that:

> [s]ervice shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

SCR-Civil 4(j)(1).

Pursuant to Mayor's Order 2004-77 (May 14, 2004), the Mayor has designated the Secretary of the District as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas). The Secretary of the District, in turn, has designated Tabatha Braxton, Arlethia Thompson, and Erica Easter as the employees of the Office of the Secretary authorized to receive legal correspondence on behalf of the Mayor and Secretary. Ex. 1 (Jan 16, 2007 Memorandum). The Attorney General has designated Civil Litigation Division employees Darlene Fields, Tonia Robinson, and Gale Rivers as designees to receive service of process on behalf of the Attorney General. *See* Ex. 2 (Attorney General Office Order 2005-19). Thus, pursuant to Fed. R. Civ. P. 4(j)(2), in order to effectuate proper service on the District of Columbia, service must be received by one of the Secretary's designees on behalf of the Mayor, who is the city's chief executive officer.

In this case, an affidavit of service was filed indicating that the "D.C. Assistant Attorney General" was served by certified mail, return receipt requested. *See* Ex. 3

4

(Return of Service/Affidavit, Attorney General). The notice of service includes a copy of the return receipt demonstrating that an individual by the name of "Morgan Norris" received the service. This individual is not authorized to receive service on behalf of either the Mayor/Secretary or the Attorney General. As the Mayor of the District of Columbia was not properly served, the District should be dismissed.

In the case of *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the District of Columbia Court of Appeals addressed the same issue presented here: whether service on the Mayor and the Attorney General "is complete when a complaint is sent by certified mail and signed for as 'received' by anyone in their respective offices." *Id.* at 787. The trial court in *Eldridge* concluded that it was not, finding that, "while service . . . can be effected by mail, it is clear that a properly designated employee is required to sign for [the] complaint, summons and initial order on behalf of the Mayor and the . . . Corporation Counsel . . ." *Id.* (quoting opinion of the trial court).

The Court of Appeals, in affirming the decision of the trial court, observed:

> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation Counsel receive an enormous amount of mail. Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination. The flaw in appellant's argument is that, although the complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process. This court, therefore, concludes that appellant did not effect proper service of process upon the Mayor or the Corporation Counsel in accordance with the strictures of Super. Ct. Civ. R. 4(j)(1).

5

*Id.* Indeed, at least one judge in this Court has observed that "*Eldridge* reaffirms established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process." *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Thus, Plaintiff has not properly served the District of Columbia.

While Rule 4(m) allows the Court to permit Plaintiff additional time to effectuate proper service, the rule limits such extensions to "an appropriate period" and for "good cause for [Plaintiff's] failure." Fed. R. Civ. P. 4(m). Plaintiff bears the burden of showing good cause, and "[m]istakes of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004). In this case, the District submits that Plaintiff is unable to demonstrate good cause. Thus, the District respectfully requests that the Court dismiss Plaintiff's Complaint against the District.

### C. Plaintiff Has Failed to State a Cognizable Federal Cause of Action Against the District of Columbia

A requirement for federal jurisdiction is that a plaintiff demonstrate an actual case or controversy setting forth an injury that is remedial by judicial action. *Cobell v. Norton,* 226 F.R.D. 67, 75 (D.D.C. 2005) (citations omitted). Plaintiff's Amended Complaint fails to meet this elemental standard.

Plaintiff's assertions against the District appear to be based on the fact that Assistant Attorneys General Joseph Ferguson and David Fisher allegedly requested that another individual stop redemption procedures with Plaintiff and the Brotherhood of

6

Men. Plaintiff has not alleged any facts to support how any such action or inaction by lawyers of the District has violated some federal right afforded to Plaintiff, or that he is entitled to recovery in this Court as a result. Thus, Plaintiff has failed to state any claim against the District of Columbia, and his case against it should be dismissed.

### IV.     CONCLUSION

For the reasons set forth above, the District respectfully requests that this matter be dismissed against it.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Nicole L. Lynch
        NICOLE L. LYNCH (471953)
        Chief, Section II

        /s/ Shana L. Frost
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov



# Government of the District of Columbia
### Office of the Secretary of the District of Columbia

Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia


### **MEMORANDUM**

**TO:**        Mr. George Valentine
               Deputy Attorney General
               Civil Litigation Division
               Office of the DC Attorney General

**FROM:**     Dr. Stephanie D. Scott
               Acting Secretary of the District of Columbia

**DATE:**       January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
                    (Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc:   The Mayor's Correspondence Unit
       Peter Nickels, General Counsel to the Mayor
       Linda Singer, Attorney General

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
OFFICE OF THE ATTORNEY GENERAL



**ATTORNEY GENERAL**

Office Order No. 2005-19

SUBJECTS: Designation of employees authorized to receive service of process on behalf of the Attorney General for the District of Columbia.

Pursuant to Reorganization Order No. 50 of June 26, 1953, as amended, the following employees in the Civil Litigation Division, Office of the Attorney General for the District of Columbia, are designated to receive service of process on behalf of the Attorney General (formerly the Corporation Counsel) when service is required to be made on the Attorney General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or pursuant to Mayor's Order:

    Darlene Fields, Secretary
    Tonia Robinson, Legal Assistant
    Gale Rivers, Secretary

In the absence of these three individuals, the Deputy or the Assistant Deputy of the Civil Litigation Division may also accept service of process.

An employee receiving service of process pursuant to this Order shall note the time and date of receipt on the document, and shall forward all papers served on the employee to the Civil Litigation Division for docketing.

This Order will take effect immediately and supersedes all previous Orders, including Office Order No. 4-91 (May 17, 1991), to the extent of any inconsistency.

                                                Robert J. Spagnoletti
                                               Attorney General

Dated this 6th day of June, 2005

**U.S. Department of Justice**
**United States Marshals Service**

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
District of __Columbia__

TO:
D.C. Assistant Attorney General
441 4th St., NW
Washington, D.C. 20001

Civil Action, File Number __CA-07-1677 RBW__

__Duane McKinney__
                                            V.
__Loan Services LLC, etal__

pursuant to the Federal Rules of Civil Procedure.

part of this form below, AND RETURN COPIES 1 AND 2 to the sender within ose. Keep copy 3 for your records.

WLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, her entity, you must indicate under your signature your relationship to that entity. If thorized to receive process, you must indicate under your signature your authority.

of this form to the sender within ____ days, you (or the party on whose behalf you curred in serving a summons and complaint in any other manner permitted by law.

this form, you (or the party on whose behalf you are being served) must answer the ere sent. If you fail to do so, judgment by default will be taken against you for the

tice and Acknowledgment of Receipt of Summons and Complaint By Mail was

Signature *(USMS Official)*

F RECEIPT OF SUMMONS AND COMPLAINT

a copy of the summons and of the complaint in the above captioned manner at

Street Number and Street Name or P.O. Box No.

City, State and Zip Code

Signature

Relationship to Entity/Authority to Receive

Service of Process

Date of Signature

Form USM-299
(Rev. 6/95)